T. A. TURNBOW v. J. E. BRYANT COMPANY.

No. 2431. Decided January 19, 1916.

1.—Constitutional Law—Caption of Act.

The title of an Act "to increase the civil jurisdiction" of a certain county, that having been taken away, except in probate matters, by a former statute

(Act of April 20, 1893, Laws, 23d Leg., p. 74) and by this restored to that of county courts under the general law, was a sufficient indication of the purpose of the Act (Act of March 20, 1911, Laws, 32d Leg., p. 171) to comply with constitutional requirements.    (P. 565.)

### 2.—Statute—Restoring Jurisdiction of County Court.

The second section of the Act of March 20, 1911, Laws, 32d Leg., p. 171, was effective to restore to the County Court of Castro County the civil jurisdiction given to county courts in general by the general laws of the State, but taken away from this court by a former statute.    (Pp. 565, 566.)

### 3.—Same—Jurisdiction—District Court.

The Act of March 20, 1911, Laws, 32d Leg., p. 171, restoring to the County Court of Castro County the civil jurisdiction given by the general laws of the State to county courts, was a repeal of the Act of April 26, 1893, Laws, 23d Leg., p. 74, which conferred jurisdiction in such cases on the District Court. That court, when the Act of 1911 became operative, was without jurisdiction to try such a case, appealed to it while it had the jurisdiction but had power to transfer it to the County Court though no special provision for such transfer was made in the Act of 1911. Mexican Natl. Ry. Co. v. Mussette, 86 Texas, 708, followed.    (P. 566.)

### 4.—Practice on Appeal—Jurisdiction of Trial Court.

The Court of Civil Appeals has no jurisdiction in an appeal in a case over which the trial court had no jurisdiction; but the proper practice in such case is, not to dismiss the appeal, but to reverse the judgment for want of jurisdiction in the trial court and remand with instructions to transfer to the court having jurisdiction. Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478, followed.    (P. 566.)

Questions certified by the Court of Civil Appeals for the Seventh District, in an appeal from Castro County.

*Mark Cowsert* and *Carl Gilliland*, for appellant.—Under the Acts of the Thirty-second Legislature of Texas, General Laws, page 171, the District Court of Castro County did not have jurisdiction to try and determine this cause and render the judgment it did render therein. General Laws of Texas, Acts of 1911, p. 171; Rev. Stats., art. 996, subsec. 2; Texas Mex. Ry. Co. v. Jarvis, 80 Texas, 456, 15 S. W., 1089; Leeman v. Wheeler, 66 Texas, 154, 18 S. W., 446; Stone v. Martin, 1 White & W. C. C., sec. 87; King v. Hopkins 42 Texas, 48; Mexican Natl. Ry. Co. v. Mussette, 86 Texas, 708; Harris County v. Stewart, 91 Texas, 133; Gulf, W. T. & P. Ry. Co. v. McCampbell, 85 S. W., 1158.

*Barens & North,* for appellee.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

An Act was passed by the Twenty-third Legislature (chapter 57, page 74) for the purpose of diminishing the civil and criminal jurisdiction of the County Court of Castro and Hartley Counties, by the provisions of which it was left with its general probate powers, but was, practically, divested of all other jurisdiction; there being conferred upon the District Court of the respective counties jurisdiction in all civil and criminal matters over which the County Court would, by the laws of the State,

have jurisdiction, except as provided by the section of the Act reserving to the County Court its probate jurisdiction. While this Act was in force an appeal was prosecuted to the District Court of Castro County from a judgment rendered in a Justice Court of the county against the appellee in favor of the appellant. The case was tried in the District Court, resulting in the rendition of a judgment, on October 23, 1911, in the appellee's favor. The appellant appealed to the honorable Court of Civil Appeals for the Seventh District, which dismissed the appeal with instructions to the trial court to set aside its judgment and transfer the case to the County Court of Castro County, the ground of its action being that the jurisdiction of the case, at the time of the trial in the District Court, was in the County Court, under the Act of the Thirty-second Legislature (chapter 93, page 171), effective June 9, 1911, restoring to the County Court of Castro County its ordinary civil jurisdiction under general laws.

Four questions are certified for our determination:

1. Whether the Act of the Thirty-second Legislature, just referred to, is unconstitutional, in whole or in part.

2. Whether the Act was properly held effectual to restore to the County Court of Castro County its ordinary civil jurisdiction.

3. Whether the District Court of Castro County was properly held to be without jurisdiction of the case at the time of its trial.

4. Whether the jurisdiction of the Court of Civil Appeals was properly held dependent upon the jurisdiction of the District Court, and whether it erred in dismissing the appeal from the latter court and instructing it to set aside its judgment and transfer the case to the County Court of Castro County.

In respect to the civil jurisdiction conferred by its terms' upon the County Court of the counties named, the constitutionality of the Act in question is not, in our opinion, to be doubted. Its title is "An Act to increase the civil jurisdiction of the County Court of Deaf Smith, Parmer, Randall, Castro, and Lubbock counties, and the unorganized counties of Bailey and Lamb, and declaring an emergency." In so far as it deals with the civil jurisdiction of those courts, the body of the Act is not inconsistent with the title. By section 2 it is provided that the County Court of the counties named "shall also have and exercise such jurisdiction over and pertaining to all matters and things and proceedings as by the general laws of this State is conferred upon County Courts." As applied to the County Court of Castro County this clearly provided for an enlargement of its civil jurisdiction beyond the probate powers it then possessed, and the Act was therefore properly denominated one "to increase" its civil jurisdiction.

We do not feel called upon to express any opinion upon the constitutionality of the Act except in its relation to the civil jurisdiction it confers.

As to the second question, it is plain that section 2 of the Act invests

the County Court of Castro County with such civil jurisdiction as a County Court possesses under the general law.

The Act was in effect when the case was tried in the District Court. It amounted to a repeal of the previous Act of the Twenty-third Legislature as related to Castro County, and the jurisdiction of the District Court over the case terminated with such repeal. The District Court was therefore without power to try the case. While no express provision was made for the transfer to the County Court of such cases then pending in the District Court as were within the jurisdiction of the former, such was the effect of the Act. Mexican National Ry. v. Mussette, 86 Texas, 708. The holding of the Court of Civil Appeals in respect to the jurisdiction of the District Court over the case was accordingly correct.

Answering the fourth question, the Court of Civil Appeals was without jurisdiction of the appeal unless the trial court had jurisdiction of the case. We have heretofore indicated that the proper practice in such cases is for the Court of Civil Appeals to reverse the judgment and dismiss the case, rather than order the dismissal of the appeal. Pecos & North Texas Ry. Co. v. Canyon Coal Co., 102 Texas, 478. The judgment of the District Court ought, therefore, to have been reversed, instead of the appeal being dismissed. Since the effect of the Act was to transfer the case to the County Court, it was proper to direct the District Court to so transfer the case.