STUDEBAKER HARNESS CO. v. GERLACH MERCANTILE CO. (No. 928.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 23, 1916.)

1. COURTS ⬅52—COUNTY COURTS—JURISDICTION — DISTRICT COURTS — APPELLATE COURTS.

Where Acts 34th Leg. c. 125, § 2, conferring upon the county courts the civil jurisdiction of ordinary county courts, and repealing the act of the Twenty-Third Legislature, divesting such courts of practically all of their jurisdiction save probate jurisdiction, went into force at the time an appeal from justice court was pending in the district court, the jurisdiction of the district court terminated.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 184–192; Dec. Dig. ⬅52.]

2. APPEAL AND ERROR ⬅20—JURISDICTION OF LOWER COURT—NECESSITY.

Where the district court had no jurisdiction of an appeal from a justice of the peace, the Court of Civil Appeals has no jurisdiction of a further appeal from the district court, except to reverse and direct the transfer of the cause to the county court having jurisdiction of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. ⬅20.]

Appeal from District Court, Hemphill County; Hugh L. Umphres, Judge.

Action by the Studebaker Harness Company against the Gerlach Mercantile Company. From a judgment of the district court on appeal from a justice of the peace for part of his claim, plaintiff appeals. Reversed and remanded, with directions.

Fisher & Palmer, of Canadian, for appellant. Hoover & Dial and Newton P. Willis, all of Canadian, for appellee.

HALL, J. [1, 2] This suit originated in the justice court of Hemphill county; the amount in controversy being $125. Upon appeal to the district court, judgment was there rendered in favor of appellant against appellee in the sum of $50, and costs. Prior to the rendition of the judgment in the district court the Thirty-Fourth Legislature had increased the jurisdiction of the county court of Hemphill county. This act became operative March 22, 1915. Upon the restoration to the county court of its general jurisdiction, the jurisdiction of the district court of the county over the appeal from the justice court terminated. This question has been definitely settled in the case of Turnbow v. J. E. Bryant Co. (Sup.) 181 S. W. 686, and is conclusive of this appeal. In accordance with the practice prescribed by Judge Phillips in that case, the judgment of the district court is reversed, and the cause remanded, with instructions to transfer the case to the county court of Hemphill county. Since the district court had no jurisdiction to determine the controversy, this court acquires no power by reason of the appeal further than to make the order of transfer.

Reversed and remanded, with instructions.