## BRUNO v. TEXAS MEXICAN RY. CO.

### No. 11133.

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1941.

Ward & Brown, of Corpus Christi, for appellant.

Kleberg, Eckhardt & Lowe and M. Harvey Weil, all of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order of the 94th District Court of Nueces County, dismissing this cause for want of jurisdiction. Appellant, D. B. Bruno, brought this action against appellee, Texas Mexican Railway Company, seeking a recovery of an amount less than $500, exclusive of interest. The

trial court sustained appellee's plea to the jurisdiction and dismissed the cause.

Appellant contends that the 94th District Court, created by the 47th Legislature, has the same jurisdiction of civil cases as that possessed by the 117th District Court of said County.

Sections Nos. 1 and 2, Subdivision 94, Article 199, Vernon's Ann.Civ.Stats., House Bill No. 84, Acts of 47th Legislature, Regular Session, 1941, provide:

"Section 1. There is hereby created for and within Nueces County the 94th Judicial District of Texas, and a District Court for said Judicial District, the limits of which shall be coextensive with the limits of Nueces County.

"Sec. 2. The District Court for the 94th Judicial District shall have and exercise the jurisdiction prescribed by the Constitution and the Laws of this State for District Courts in general, and the Judge thereof shall have and exercise the powers conferred by the Constitution and Laws of this State on the Judges of District Courts. *Its jurisdiction shall be concurrent with that of the District Court of Nueces County for the 28th Judicial District and the District Court of Nueces County for the 117th Judicial District.*"

Section 4 of Subdivision 117, Article 199, Vernon's Ann.Tex.Stats., Acts 1930, 41st Legislature, 5th Called Session, p. 224, ch. 69, reads as follows: "Sec. 4. In addition to the jurisdiction vested in the District Court for the 117th Judicial District under the Constitution and General Laws of this State, said Court shall have and exercise exclusive jurisdiction in all Civil matters over which, by General Law, the County Court of Nueces County would have original jurisdiction, except as in this Act otherwise specially provided."

The 117th District Court would undoubtedly have jurisdiction of this cause, as no exception to the jurisdiction conferred by said Section 4 has application to this cause.

Appellant's contention, above stated, is based upon that part of Article 199, Subdivision 94, Sec. 2, above italicized. We are unable to agree with this contention.

The territorial jurisdiction of the 94th District is made co-extensive with the limits of Nueces County.

The subject matter jurisdiction is that "prescribed by the Constitution and the Laws of this State for District Courts in general," that is, by Article 5, Section 8, of the Constitution, Vernon's Ann.St., and Article 1906, Vernon's Ann.Civ.Stats., which are as follows:

"Article V * * * Sec. 8. The District Court shall have original jurisdiction in all criminal cases of the grade of felony; * * * of all suits, complaints or pleas whatever, without regard to any distinction between law and equity, when the matter in controversy shall be valued at or amount to five hundred dollars exclusive of interest; * * *.

"Article 1906. * * * The district court shall have original jurisdiction in civil cases of: * * *

"6. Suits, complaints or pleas, without regard to any distinction between law and equity, when the matter in controversary (controversy) shall be valued at or amount to five hundred dollars exclusive of interest. * * *"

We do not believe it can be said that the Legislature intended, by the use of the words "concurrent with * * * the District Court of Nueces County for the 28th Judicial District," to confer a territorial jurisdiction equal to that of the 28th Judicial District, contrary to the express provisions of the Act itself. Article 199, Subdivision 28, Vernon's Ann.Civ.Stats., gives the 28th District Court a territorial jurisdiction of Nueces, Kleberg and Kenedy Counties.

Similarly, we do not believe it can be said that the Legislature intended, by the use of the words "concurrent with * * * the District Court of Nueces County for the 117th Judicial District," to modify or enlarge the subject matter jurisdiction of the 94th District Court but the same remains fixed, as prescribed by the Constitution and General Laws of the State.

It is apparent that the jurisdiction of the 28th District Court[1] is not identical with

---

[1] The Act creating the Criminal District Court for Nueces, Kleberg and Kenedy Counties contained the following provision:

"From and after the time when this Act shall take effect, the District Court of the Twenty-eighth Judicial District composed of the counties of Nueces, Kleberg and Kenedy, and the District Court of the One Hundred and Third Judicial District Court, composed of the counties of Willacy and Cameron, shall cease to have and exercise any criminal jurisdiction in either of said counties, and shall

648

the jurisdiction of the 117th District Court, with reference to either territory or subject matter. The Legislature therefore did not use the word "concurrent" with the intention of conferring a subject matter jurisdiction upon the 94th District Court identical with that of either the 28th or 117th District Court.

An examination of the various subdivisions of Article 199, relating to counties having two or more District Courts, discloses that in all instances subject matter jurisdiction has been specifically defined by reference to constitutional and statutory provisions. Apparently, no attempt has been made to prescribe the subject matter jurisdiction of a subsequently created District Court by a reference to the District Court already in existence within the County.[2]

■ Appellant's contention that the provisions of the Act relating to the transfer of causes from one of the District Courts of Nueces County to the other implied that the jurisdiction of the 94th District Court is identical with that of the 117th District Court, possesses no persuasive force, since it seems that the purpose of equalization of dockets could be accomplished as well by a transfer of District Court cases only, as well as by a transfer of both District and County Court cases. However that may be, the means provided to accomplish a stated purpose are of legislative and not judicial selection, and we are unauthorized to supply or create a jurisdiction not expressly conferred by the Legislature, even though we might believe that by so doing the objectives of the legislation could be better effected.

The above conclusions are, in our opinion, compelled by elementary principles of statutory construction.

■■ "The intention of the Legislature, once ascertained, is the law." Lone Star Gas Co. v. State, Tex.Sup., 153 S.W.2d 681, 692. That intent is generally determined from the language of the statutory enactment. The jurisdiction conferred upon the 94th District Court is that "prescribed by the Constitution and the Laws of this State for District Courts in general." Appellant's contention as to jurisdiction is founded upon implication. In Shipley v. Floydada Independent School District, Tex.Com. App., 250 S.W. 159, 161, the late lamented Judge German held, that "when an interpretation can be given a statute which reasonably reflects the legislative intent, it is not permissible to resort to implication to arrive at some other intention."

There is another reason why we believe appellant's position is untenable. The Act creating the 117th District Court expressly vests in it "*exclusive* jurisdiction in all Civil matters over which, by General Law, the County Court of Nueces County would have original jurisdiction. * * *"

If appellant's construction of the Act creating the 94th District Court were adopted, it would operate to repeal, by implication, a part of the prior Act creating the 117th District Court and fixing its jurisdiction.

■ Repeals by implication are not favored, and appellant's construction must be rejected as it is our duty, if possible, to adopt a construction of the two Acts involved which will harmonize and give effect to the provisions of each, and not one which will effect a repeal or modification of the prior Act by implication. Conley v. Daughters of Republic, 106 Tex. 80, 92, 156 S.W. 197, 201, 157 S.W. 937.

Having concluded that the trial court properly sustained appellee's plea and dismissed this cause for want of jurisdiction, the order appealed from is affirmed.

---

cease to have and exercise any jurisdiction of divorce cases in either of said counties, and shall cease to have and exercise any jurisdiction of suits for the collection of any delinquent taxes or the enforcement of liens for same." Art. 199, Subdivision 28, Section 2, Vernon's Ann. Civ.Stats.

2 The use of the term "concurrent jurisdiction" in the Acts relating to the establishment of more than one district court within a county, is probably ex-plained by the fact that when it first became necessary to have more than one District Court in order to dispose of litigation in the larger counties of Texas, said counties were divided territorially into judicial districts. The courts of the districts, however, had "concurrent jurisdiction" throughout the limits of the county. Bexar County, Lytle v. Halff, 75 Tex. 128, 12 S.W. 610; Dallas County, Wheeler v. Wheeler, 76 Tex. 489, 13 S.W. 305; Kruegel v. Daniels, 50 Tex. Civ.App. 215, 109 S.W. 1108.