## SUPER-COLD SOUTHWEST CO. v. PENNINGTON.

### No. 15149.

Court of Civil Appeals of Texas.
Fort Worth.

June 23, 1950.

Curtis White and Dee Brown Walker, both of Dallas, for appellant.

Randell C. Riley, of Fort Worth, for appellee.

McDONALD, Chief Justice.

This suit was filed in the County Court at Law of Tarrant County. Although a number of questions are raised in the briefs of the parties, it is our opinion that the amount involved in the suit was beyond the jurisdiction of the court, and that consideration of the other questions becomes unnecessary.

Appellee Pennington alleged in his petition that on March 31, 1948, he contracted with appellant Super-Cold Southwest Company to purchase an item of refrigeration equipment; that the purchase price was $1,587.20, payable partly in cash, partly by way of an allowance on an old meat case, and the balance in 24 equal monthly installments; that appellant's agent fraudulently induced appellee to sign an instrument in writing which did not reflect the agreement of the parties; that the writing should be reformed so as to exclude certain provisions which were quoted verbatim in the petition; that the refrigerator case was defective in respects specifically alleged, and that the value of it in the defective condition in which it was delivered to appellee was $600; that appellee had paid $1254 of the purchase price; that appellee had been

damaged in the sum of $987.20, being the difference between the sale price of $1,587.-20 and $600, the value of the machine in its defective condition. The prayer was for reformation of the contract so that it would reflect the true contract, and for damages in the amount of $987.20.

The provisions of the writing signed by the parties and which were set out in the petition as terms which ought not to have been in the writing and which appellee sought to have stricken from the contract in his suit for reformation, included several clauses which pertained to appellant's rights in the event of default by appellee on the contract, such as the right to mature all unpaid installments and the right to repossess the property and sell it or have it sold to secure payment of the unpaid balance on the contract. It was alleged in the petition that $1254 had been paid on the contract, which necessarily left an unpaid balance of $333.20 at the time suit was brought. It is plain that the petition sought in effect a cancellation of terms of the contract which were in their nature security for the payment of the balance of $333.20 owing on the purchase price, and also sought damages in the amount of $987.20. Whether the jurisdictional amount of the suit for reformation of the mentioned clauses was the unpaid balance of the purchase price, or the alleged value of the property to which the rights to repossess and sale pertained, the addition of either amount to the amount sought by way of damages, to-wit, $987.20, would produce a total amount involved in the two claims in excess of $1,000, and therefore beyond the jurisdiction of the County Court at Law.

The facts in Bishop & Babcock Sales Co. v. Haley, Tex.Civ.App., 115 S.W.2d 772, are similar to those in the present case. In a suit brought in the county court the plaintiff sought to cancel a balance of $250 owing on a note secured by a lien on property alleged to have a value of $750, and also sought damages based on the claim that defendant failed to install properly a soda fountain which was the subject matter of the suit. It was held that the jurisdictional amount of the suit to cancel the balance of $250 owing on the note was the alleged value of the mortgaged property, $750, and that the total of such amount and the $750 claimed in the count for damages was in excess of the county court's jurisdiction.

The judgment rendered in the present suit made no disposition of the suit to reform by eliminating the provision of the contract above discussed, but it is familiar law that the jurisdictional amount is to be determined from the allegations of the petition, not from the judgment rendered in the case. 11 Tex.Jur., p. 737.

Our authority is to reverse the judgment and order the case dismissed. Perkins v. United States Fidelity & Guaranty Co., Tex.Com.App., 299 S.W. 213.

Judgment reversed and suit dismissed.