### PRINCE v. GARRISON.

### No. 2860.

Court of Civil Appeals of Texas. Eastland.

March 14, 1952.

Appellee's Motion for Rehearing Granted in Part April 11, 1952.

Appellant's Motion for Rehearing Overruled May 2, 1952.

Larry Scarborough, Abilene, for appellant.

Price Daniel, Atty. Gen. of Texas, Dean J. Capp, Asst. Atty. Gen., William K. Tippen, County Atty., Wilson Johnston, City Atty., Abilene, Bennett B. Patterson, Houston, for appellee.

LONG, Justice.

Homer Garrison, Jr., Director of Public Safety, filed a petition in the Corporation Court of Abilene, seeking to suspend or revoke the Commercial Operator's License of Billy Doyle Prince. The Director alleged that Prince was an habitual violator of the traffic laws; was an habitual negligent and reckless driver of a motor vehicle; was responsible as a driver for an accident resulting in serious property damage and the personal injury of another; and did fail and refuse to submit a report of any accident in which he was involved.

Hon. A. K. Doss, Judge of said Corporation Court, made an "affirmative finding" of the facts, as alleged in the petition. Prince appealed from this order to the County Court of Taylor County. Thereafter, a trial de novo was had in said court. The jury found, in answer to special issues, that Billy Doyle Prince is an habitual violator of the traffic laws of the State of Texas and an habitual reckless or negligent driver of a motor vehicle. The County Court made an affirmative finding in keeping with the jury verdict. From this order, Prince has appealed.

The Director, in filing the petition in the Corporation Court was attempting to act under the authority vested in him by Sec. 22 of Art. 6687b, Vernon's Annotated Revised Civil Statutes. Said section 22 reads as follows:

"(a) When under Section 10 of this Act the Director believes the licensee to be incapable of safely operating a motor vehicle, the Director may notify said licensee of such fact and summons him to appear for hearing as provided hereinafter. Such hearing shall be had not less than ten (10) days after notification to the licensee or operator under any of the provisions of this Section, and upon charges in writing a copy of which shall be given to said operator or licensee not less than ten (10) days before said hearing. For the purpose of hearing such cases jurisdiction is vested in the mayor of the city, or judge of the police court, or a justice of the peace in the county or subdivision thereof where the operator or licensee resides. Such court may administer oaths and may issue subpoenas for the attendance of witnesses and the production of relative books and papers. It shall be the duty of the court to set the matter for hearing upon ten (10) days written notice to the Department. Upon such hearing, in the event of an affirmative finding by the court, the officer who presides at such hearing shall report the same to the Department·which shall have authority to suspend said license for a period not greater than one (1) year, provided, however, that in the event of such affirmative finding the licensee may appeal to the county court of the county wherein the hearing was held, said appeal to be tried de novo. Notice by registered mail to address shown on the license of licensee shall constitute service for the purpose of this Section.

"(b) The authority to suspend the license of any operator, commercial operator, or chauffeur as authorized in this Section is granted the Department upon determining after proper hearing

as hereinbefore set out that the licensee:

"1. Has committed an offense for which automatic suspension of license is made upon conviction;

"2. Has been responsible as a driver for any accident resulting in the death or personal injury of another or serious property damage;

"3. Is an habitually reckless or negligent driver of a motor vehicle;

"4. Is an habitual violator of the traffic law;

"5. Is incapable to drive a motor vehicle;

"6. Has permitted an unlawful or fraudulent use of such license;

"7. Has committed an offense in another State, which if committed in this State would be grounds for suspension or revocation;

"8. Has failed or refused to submit a report of any accident in which he was involved as provided in Section 39 of this Act."

Said section provides that when the Director believes the licensee to be incapable of safely operating a motor vehicle the Director may notify said licensee of such fact and summons him to appear for a hearing, as provided therein. The Article vests jurisdiction for the purpose of such hearing in the Mayor of the City, "judge of the police court" or justice of the peace in the county or subdivision thereof where the operator or licensee resides. The Article further provides that "such court" may administer oaths and issue subpoenas for the attendance of witnesses and the production of books and papers; that, upon such hearing, in the event of an "affirmative finding" by the court, the officer shall report the same to the Department of Public Safety which shall have authority to suspend said licenses for a period not greater than one year. The Article then sets out the grounds upon which the license may be suspended.

It will be noted that the Director began this proceeding in the "corporation court"

of the City of Abilene. Nowhere in said Article is jurisdiction vested in the corporation court. It specifically vests jurisdiction in the "police" court. So far as we have been able to determine, there is no such thing as a police court in Texas. Our Constitution, art. 5, Sec. 1, Vernon's Ann. St., provides as follows:

"The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, in a Court of Criminal Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law."

The legislature, acting under the authority vested in it by the above Article of the Constitution, enacted Article 1194, Vernon's Annotated Revised Civil Statutes, and thereby created and established in each of the incorporated cities, towns and villages a court to be known as the "corporation court." By art. 1195, Vernon's Annotated Revised Civil Statutes, the legislature fixed the jurisdiction of said corporation court as follows:

"A corporation court shall have jurisdiction within the territorial limits of the city, town or village, in all criminal cases arising under the ordinances of the said city, town or village, and shall also have concurrent jurisdiction with any justice of the peace in any precinct in which said city, town or village is situated in all criminal cases arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within such territorial limits."

The corporation court has no jurisdiction over civil matters. It has jurisdiction only in criminal cases arising under the ordinances of the city and concurrent jurisdiction with the justice of the peace in criminal cases arising under the criminal laws of the State in which punishment is by fine only and where the maximum fine may not exceed $200. This is not a criminal case and the Corporation Court of the City of Abilene had no jurisdiction thereof. The jurisdiction of the Corporation Court of the City of Abilene is limited to criminal cases as provided in the above Article. Furthermore, the legislature did not fix jurisdiction for the proceedings involved here in the Corporation Court but specifically vested such jurisdiction in the "police court" of the State. It is our opinion that the Corporation Court acquired no jurisdiction in this case, and, therefore, the county court acquired none.

We have also concluded that we do not have jurisdiction of this matter. The judgment of the County Court is not final. The ultimate purpose of the proceeding brought by the Director of the Department of Public Safety was to revoke the driver's license of appellant. This has not been done. The judgment entered by the County Court makes "an affirmative finding" that appellant is an habitual violator of the traffic laws and an habitual reckless and negligent driver. It does not purport to revoke or cancel the driver's license of appellant. It merely certified its finding to the Department of Public Safety. The Department may, under this judgment, cancel or revoke the driver's license but this is a matter that rests within the discretion of the Department of Public Safety. If and when the license is revoked or cancelled, then appellant may proceed under Section 31 of art. 6687b, but as the matter now stands, the judgment is not final, and we, therefore, have no jurisdiction.

Furthermore, this matter did not originate in the County Court. An appeal may be taken to the Court of Civil Appeals from every final judgment of the County Court in civil cases of which such court has original jurisdiction and from every final judgment of the County Court in civil cases in which the court has appellate jurisdiction where the judgment or amount in controversy exceeds $100. Art. 2249, Vernon's Annotated Revised Civil Statutes; Stavely v. Stavely, Tex.Civ. App., 94 S.W.2d 545. There is no showing that the amount in controversy is in excess of $100. The Corporation Court, the County Court and this Court acquired no jurisdiction of this proceeding. There-

fore, under the authority of the following cases we reverse the order of the County Court and direct that the proceeding be dismissed. Houston & T. C. R. Co. v. Patterson, Tex.Civ.App., 193 S.W. 691; Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Dula v. Bush, District Judge, Tex.Civ. App., 136 S.W.2d 898; Stone v. Kuteman, Tex.Civ.App., 150 S.W.2d 107; Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286; Turnbow v. J. E. Bryant Co., 107 Tex. 563, 181 S.W. 686; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S.W. 294; Super-Cold Southwest Co. v. Pennington, Tex.Civ.App., 231 S.W.2d 687.

Reversed and proceeding ordered dismissed.

On Appellee's Motion for Rehearing.

PER CURIAM.

After a review of the authorities, we have concluded that appellee's motion for rehearing should be granted in part and that our former judgment be set aside and judgment entered dismissing the appeal. It is so ordered.

Although the statute in question is confusing and refers to courts and proceedings therein prior to a cancellation of appellant's driver's license, we believe that the statute intends to refer to the mayor, justice of the peace, "police" judge and the county judge as administrative, not judicial, officers in the preliminary hearings to determine a question of fact, for instance, whether or not appellant is an habitually reckless driver, and that until and unless appellant's license is revoked by the Department of Public Safety and appellant institutes a judicial proceeding in the County Court, as a court in conformity with art. 6687b, Sec. 31, Vernon's Ann. Civ.St., there is no case in a court and that prior thereto, there is merely a special statutory proceeding before officers acting in an administrative, not judicial, capacity. See City of Big Spring v. Garlington, County Judge, Tex.Civ.App., 88 S.W. 2d 1095, 1097; Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104, 1105; 28 Tex.Jur., 606.

We conclude, therefore, that thus far there has been no case in court and certainly no final judgment rendered from which an appeal to this court is authorized.

The appeal is, therefore, dismissed.