**C. H. FRALEY, Appellant,**

v.

**COUNTY OF HUTCHINSON, Appellee.**

No. 6409.

Court of Civil Appeals of Texas.

Amarillo.

April 19, 1954.

W. O. Slattery, Borger, for appellant.

Smith, Teed & Wade, Pampa, and R. C. Marshall, Borger, for appellee.

MARTIN, Justice.

Appellee, Hutchinson County, Texas, acting by and through its Commissioners' Court, instituted condemnation proceedings against appellant, C. H. Fraley, for the purpose of obtaining certain premises for construction of a highway traffic exchange within the corporate limits of the City of Borger. Appellant held only a surface lease upon the land and the county had obtained a deed to the fee. The leasehold sought to be condemned lay entirely within the corporate limits of the City of Borger. The county and Fraley were unable to agree on the amount of damage accruing to appellant by reason of the condemnation proceedings. From a judgment of the county court fixing the amount due appellant by reason of the condemnation proceedings, appellant has perfected his appeal.

Briefs have been submitted by both parties to the appeal. However, counsel for appellee at the conclusion of appellee's brief calls to the attention of this court that the property as involved in the condemnation proceedings lies wholly within the corporate limits of the City of Borger and that a serious jurisdictional issue is presented as to whether either the county court or this court has jurisdiction of the cause seeking condemnation of the property and fixing the value thereof. Appellee's counsel is to be commended for his candor in this matter in view of the fact that an examination of the record and the briefs in the cause under the applicable rules of law would require an affirmance of the judgment of the trial court but for the lack of jurisdiction in the trial court as to the cause of action.

The County Commissioners' Court of Hutchinson County, Texas, has no authority to condemn property for highway purposes within the corporate limits of the City of Borger. "* * * no jurisdiction is conferred by filing a petition for condemnation, and all proceedings thereunder would be void." Benat v. Dallas County, Tex.Civ.App., 266 S.W. 539, 541, writ refused. An examination of the record reveals that the final judgment deals only with the amount of the award as fixed in the condemnation proceedings. However, the filing of the petition for condemnation conferred no jurisdiction on the County Court of Hutchinson County and under the above authority all proceedings in the cause of action would be void, including the fixing of the amount of compensation. Benat v. Dallas County, supra; Norwood v. Gonzales County, 59 Tex. 218, 14 S.W. 1057; Adams v. Rockwall County, Tex. Com.App., 280 S.W. 759; Gabbert v. City of Brownwood, Tex.Civ.App., 176 S.W.2d 344, at page 347.

"* * * the Court of Civil Appeals was without jurisdiction of the appeal, unless the trial court had jurisdiction of the case. * * * the proper practice in such cases is for the Court of Civil Appeals to

reverse the judgment and dismiss the case." Turnbow v. J. E. Bryant Co., 107 Tex. 563, 181 S.W. 686, 687 [4]; Perkins v. United States Fidelity & Guaranty Co., Tex.Com.App., 299 S.W. 213, third case, Syl. 8, 9; Leslie v. Griffin, Tex.Com.App., 25 S.W.2d 820, Syl. 6, 7; Prince v. Garrison, Tex.Civ.App., 248 S.W.2d 241, at pages 243, 244.

The judgment of the county court is reversed and the case is dismissed.