**STATE of Texas BOARD OF POLY-GRAPH EXAMINERS, Appellant,**

**v.**

**James D. HAMILTON, Appellee.**

**No. 20173.**

Court of Civil Appeals of Texas, Dallas.

Feb. 19, 1980.

Renea Hicks, Asst. Atty. Gen., Austin, for appellant.

Jerry W. Biesel, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERT-SON and STOREY, JJ.

ROBERTSON, Justice.

After an administrative hearing, held on April 22, 1977, the State Board of Polygraph Examiners ordered that the license of James D. Hamilton, appellee, to practice as a polygraph examiner should be suspended for ninety days effective June 1, 1977, "or, if an appeal is taken, to begin on the day Texas Appellate Court [sic] decision has become final." Notice of this order was sent on May 2, 1977. On May 26, 1977, Hamilton filed his appeal of this action of the Board in the district court, pursuant to the Polygraph Examiners Act, Tex.Rev.Civ. Stat.Ann. art. 4413(29cc) (Vernon 1976 & Supp.1980), which reads in pertinent part as follows:

> *Any person dissatisfied with the action of the board in* refusing his application or *suspending* or revoking *his license,* or any other action of the board, *may appeal the action of the board by filing a petition within 30 days thereafter in the district court* in the county where the person resides or in the district court of Travis County, Texas. In all appeals prosecuted in any of the courts of this state pursuant

to the provisions of this Act, such trials shall be de novo as that term is used and understood in appeals from justice of the peace courts to county courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and effect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act. The legislature hereby specifically declares that the provisions of this section shall not be severable from the balance of this Act, and further specifically declares that this Act would not have been passed without the inclusion of this section. If this section, or any part thereof, is for any reason ever held by any court to be invalid, unconstitutional or inoperative in any way, such holding shall apply to this entire Act, and in such event this entire Act shall be null, void and of no force and effect.

*Id.* § 23 [Emphasis added]. The Board filed pleas challenging the court's jurisdiction, but the court overruled them and entered judgment setting aside the Board's order. The Board appeals from this action of the trial court. We hold that the trial court lacked jurisdiction, and, consequently, we reverse that court's judgment and dismiss the case.

On this appeal the Board reurges one of the grounds that it presented in its pleas to the court's jurisdiction. It contends that Hamilton's appeal of the Board's ruling was governed by the provisions of the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat.Ann. art. 6252-13a (Vernon Supp.1980), which provides in pertinent part as follows:

Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order . . . . If agency action is not taken within the 45-day period, the motion for rehearing is overruled by operation of law 45 days after the date of rendition of the final decision or order.

*Id.* § 16(e). Hamilton responds that due to the greater specificity of section 23 of the Polygraph Examiners Act and, in particular, the wording of the last two sentences of that section, it is clear that the normal procedure, as provided in section 16 of the APTRA, was not intended to apply to appeals from the Polygraph Examiners Act. We cannot agree.

The APTRA was enacted to "afford minimum standards of uniform practice and procedure for state agencies . . . ." *Id.* § 1. An agency is defined to include "any state board, commission, department, or officer having statewide jurisdiction . . . ." *Id.* § 3(1). Hamilton argues that the Polygraph Examiners Act is more specific than the APTRA and, therefore, should control. While the latter act applies more specifically to polygraph examiners, we must first attempt to construe the two acts to give effect to both. *See Gordon v. Lake,* 163 Tex. 392, 394, 356 S.W.2d 138, 139 (1962); *Bryan v. Sundberg,* 5 Tex. 418, 424 (1849); *Bruno v. Texas Mexican Railway,* 155 S.W.2d 646, 648 (Tex.Civ.App.—San Antonio 1941, no writ).

In that respect we find no conflict in reading the thirty-day limit on appeals of the board's action in the Polygraph Examiners Act, as running from the date a party's motion for rehearing becomes final as provided in the APTRA. *Compare* Tex. Rev.Civ.Stat.Ann. art. 4413(29cc) § 23 (Vernon 1976) *with id.* art. 6252–13a § 16(e) (Vernon Supp.1980). Conflict between these acts does appear to exist, however, in

that the Polygraph Examiners Act allows "[a]ny person dissatisfied" to file an appeal, without regard to whether they have filed a motion for rehearing, while the APTRA establishes a motion for rehearing as a prerequisite to an appeal. *Id.* § 16(e). In this regard we conclude that the APTRA, being the later legislative action, amended "[a]ny person dissatisfied" to include only dissatisfied persons who have exhausted their administrative remedies under the APTRA.

Hamilton argues that by this decision we will be nullifying the entire Polygraph Examiners Act because of the non-severability provision in the last sentence of section 23 quoted above. That sentence provides that *court action* which declares any part of section 23 inoperative shall apply to the entire act. The action which resulted in amendment of that act, however, was *legislative action.* Accordingly, we find this argument to be without merit.

In light of the foregoing, we conclude that the district court lacked jurisdiction of this appeal because Hamilton did not file a motion for rehearing as required under the APTRA. Since the trial court was without jurisdiction to hear this appeal from the State Board of Polygraph Examiners, the only jurisdiction this court has is to reverse the judgment of the trial court and dismiss the case. *Turnbow v. J. E. Bryant & Co.,* 107 Tex. 563, 566, 181 S.W. 686, 687 (1916); *Gray v. Maddox,* 5 Tex. 528, 528 (1851); *see Fulton v. Finch,* 162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961). Accordingly, we reverse the trial court's judgment and dismiss the case.