P. H. McIver v. McIntosh, McCrary & Lauderdale.

No. 1221.

1. **Entry of Judgment in Justice Court.**—In order for a judgment to be final in a Justice Court, it should be entered of record in the minutes of the court, showing a disposition of the cause.

2. **Affidavit Supporting Jurisdiction.**—To support the jurisdiction of this court in an appeal from a County Court in a case appealed from a Justice Court, it is competent to show by affidavit that the judgment in the Justice Court had been entered of record upon the minutes within ten days before the appeal bond was approved and filed.

3. **Appeal from Justice Court.**—Appeal is perfected from a Justice Court when appeal bond is filed within ten days from the entry of the judgment upon the minutes.

APPEAL from County Court of Milam County. Tried below before Hon. E. B. MUSE, County Judge.

Trial of right of property was had before a justice of the peace. The judgment appears in the transcript to have been rendered January 2, 1894. The appeal bond given in appeal to the County Court was filed and approved February 3, 1894. By affidavit supporting the jurisdiction it is shown, that while the justice had orally announced his decision on the 2nd of January, no entry of judgment had been made until within five days before the appeal bond was approved and filed.

*E. L. Anthony*, for appellant.

*Henderson & Streetman*, for appellees.

FISHER, CHIEF JUSTICE.—We think the appeal bond was filed in time. The affidavit of the appellees in response to the request to dismiss this case for the want of jurisdiction shows that the appeal bond was filed within less than ten days after the judgment of the Justice Court was entered of record, although more than ten days had elapsed

since the day of the court upon which the judgment was announced. Article 1639, Sayles' Civil Statutes, says that the bond shall be filed filed within ten days from the date of judgment. The judgment does not become a final judgment, although the result of the trial may have been previously announced by the court, until the judgment is entered of record. The declaration by the court, or the entry upon his docket that he has reached a certain result, does not constitute a final judgment. In order for the judgment to be final, it should be entered of record in the minutes of the court, showing a disposition of the cause. The statute says "ten days from the date of the judgment." This language contemplates evidently ten days from the time in which the judgment is entered of record. Therefore, we hold that the appeal bond was filed in time.

On the other questions in the case we do not think any error is shown, and we only desire further to state, that the rights of the parties to the property in controversy were properly litigated and heard in this case.

The judgment is affirmed.

*Affirmed.*

Delivered May 25, 1895.