DUPREE v. MASSEY. (No. 1518.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1915. Rehearing Denied Dec. 2, 1915.)

JUSTICES OF THE PEACE ⬤⟳159—APPEAL—BOND—NECESSITY.

Under Rev. St. 1911, art. 2393, providing that upon appeal from the judgment of a justice the party appealing shall file with the justice a bond payable to the appellee, conditioned for the effective prosecution of the appeal and payment of the judgment which may be rendered against appellant upon such appeal, plaintiff, who was defeated below and against whom judgment was rendered on defendant's counterclaim, must file such bond or the county court will have no jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. ⬤⟳159.]

Appeal from Franklin County Court; O. L. Reaves, Judge.

Action by S. N. Massey against C. C. Dupree, who counterclaimed, begun in justice court and appealed by plaintiff to county court. From a judgment there for plaintiff, defendant appeals. Reversed and remanded, with instructions.

R. L. Wilkinson, of Mt. Vernon, for appellant. S. M. Long and L. W. Davidson, both of Mt. Vernon, for appellee.

LEVY, J. Appellee instituted this suit in the justice court against appellant, claiming that appellant was indebted to him in the sum of $45.13 for supplies furnished, and in the further sum of $65.16 store account which appellee claimed to have paid, and $17.76 for fertilizer, with total credits allowed of $44.-14. A distress warrant was sued out and levied upon property of the defendant. The appellant answered, admitting that he owed the sum of $45.13 for supplies, but denying that he owed appellee the other two items sued on, and pleaded, in offset against appellee's debt, a counterclaim for $45.85, and a cross-action for damages in the sum of $139 for suing out the distress warrant. The jury on the issues returned a verdict against appellee and in favor of the appellant for a difference in his favor on his counterclaim of $1.87, and for damages in the sum of $10, and the justice of the peace entered judgment accordingly in favor of appellant. The plaintiff gave notice of appeal to the county court, but filed no appeal bond or affidavit in lieu thereof in the justice court. The appellant made a motion in the county court to dismiss the appeal for the reason that the plaintiff had filed no appeal bond or affidavit in lieu thereof in the justice court, and the court overruled the motion. This ruling of the county court is made the basis of assignment of error in this court.

It is believed that under the issues and judgment in this case the appellee was required to file and was not exempted from giving an appeal bond or affidavit in lieu thereof in order to make effective the appeal from the justice court, and to confer jurisdiction upon the county court to try the case de novo. Article 2393, R. S.; Land Co. v. Ward, 141 S. W. 1024; Carter v. Wyrick, 98 S. W. 644.

The county court having no jurisdiction to determine the appeal, the judgment therein is void. The judgment of the county court will therefore be reversed and the proceedings remanded to that court, with instructions to dismiss the appeal from the justice court.

Reversed and remanded, with instructions.