Fruit Dispatch Company v. Anson Rainey, Chief Justice, et al.

No. 3092.    Decided June 8, 1921.

(232 S. W., 281.)

Jurisdiction—Practice on Appeal—Conflicting Decisions—Certifying Question.

Where the jurisdiction of the County Court on appeal was lacking because of failure to file in due time the bond on appeal from Justice Court the judgment of the Court of Civil Appeals dismissing the appeal thereto for want of jurisdiction was in conflict with decisions of other courts of civil appeals holding that the proper judgment was that of reversal and remand to the County Court with direction to dismiss, the difference in effect being as to the costs of the second appeal. The case being one where the jurisdiction of the Court of Civil Appeals was otherwise final, it can be required by mandamus to certify the question to the Supreme Court, in order to settle the conflict. (P. 267).

Original application to the Supreme Court for writ of mandamus requiring the judges of the Fifth Judicial District to certify a question to the Supreme Court.

*Thompson, Barwsie & Wharton* and *George Thompson,* for relator.

Mr. Chief Justice PHILLIPS delivered the opinion of the court.

The relator prays for a mandamus directed to the members of the Honorable Court of Civil Appeals for the Fifth Supreme Judicial District for the certification to this court of the correctness of their action in the disposition of a certain case to which relator was a party.

The case was originally a suit in the Justice Court, Precinct No. 1, Dallas County, wherein the relator was plaintiff, against certain defendants, and in which on trial in that court relator as plaintiff

recovered Judgment. One of the defendants sought to appeal to the County Court at law of Dallas County, but as held by the Court of Civil Appeals did not file his appeal bond within the time prescribed by law. A trial was had in the County Court at Law without its being noticed, apparently, that that court was without jurisdiction on account of the failure to file the appeal bond within the proper time. Judgment was rendered there in favor of the appealing defendant. Thereupon the relator perfected its appeal from this judgment to the Court of Civil Appeals, and in that court, because of the County Court at Law's want of jurisdiction, moved that the Court of Civil Appeals reverse the judgment of the County Court at Law and remand the cause to that court with instructions to dismiss the appeal from the Justice Court. The Court of Civil Appeals, however, did not so dispose of the case. According to its opinion which accompanies the petition for mandamus, it held that the County Court at Law had no jurisdiction of the appeal from the Justice Court, and reversed the judgment of the County Court at Law and dismissed the relator's appeal; (198 S. W., 594) the effect of which necessarily was to tax the relator with the costs of the appeal.

On the ground that the jurisdiction of the Court of Civil Appeals was final in the case and that such disposition of it was in conflict with the holdings of other Courts of Civil Appeals, the relator thereupon moved the court to certify the question to this court for determination, and now seeks a mandamus to require such certification.

In accord with the holding of this court in Pecos & North Texas Railway Company v. Canyon Coal Company, 102 Texas, 478, 119 S. W., 294, and Turnbow v. Bryant Company, 107 Texas, 563, 181 S. W., 686, it is held in Ware v. Clark, 58 Texas Civ. App., 356, 125 S. W., 618, Fort Worth & Rio Grande Railway Company v. Matthews, 169 S. W., 1052, and in Dupree v. Massey, 180 S. W., 668—decisions by the Courts of Civil Appeals for the Second, Third, and Seventh Districts, respectively, that on the appeal to the Court of Civil Appeals of a cause of which the trial court did not have jurisdiction, the proper practice is not to dismiss the appeal but to reverse the judgment and remand the cause with the direction that it be dismissed. Other decisions of the Courts of Civil Appeals are to the same effect.

The conflict between the holding of the Court of Civil Appeals in its disposition of the present case and these decisions is evident. Since the case is one of which the jurisdiction of the Court of Civil Appeals is final, the mandamus is accordingly awarded.