## CAMPBELL v. HORTON. (No. 2917.)*

(Court of Civil Appeals of Texas. Texarkana. May 5, 1924. Rehearing Denied May 15, 1924.)

Courts ⊜170—County court cannot assume jurisdiction when value in controversy not shown by pleadings.

Where value of matter in controversy is not shown by pleadings in suit to cancel release of judgment, under Const. art. 5, § 16, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 1763, 1764, county court cannot assume jurisdiction.

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Suit by J. F. Horton against H. G. Campbell. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions to dismiss.

Clark & Sweeton, of Greenville, for appellant.

H. O. Norwood, of Greenville, for appellee.

WILLSON, C. J. This suit was commenced and prosecuted by appellee in the county court of Hunt county. He alleged in his petition that he obtained a judgment against appellant in said court, and caused an abstract thereof to be recorded in the judgment records of said county; that he owned the judgment, and that it was a subsisting one, and wholly unsatisfied; that what purported to be a release thereof had been recorded in the deed records of said county; that he never executed the release; and that same was a "fraud and a forgery." He prayed that the release be canceled. The appeal is from a judgment awarding him that relief.

Appellant's contention here is that (quoting from his brief)—

"The county court had no jurisdiction of the cause, as it was, in effect, a suit to remove cloud from title, or to establish a lien on land."

We do not agree that the suit was for either of the purposes stated, but we think appellant's contention should be sustained, nevertheless, because it did not appear, as it must (Childs v. Brown [Tex. Civ. App.] 151 S. W. 1154; Lumber Co. v. Clark [Tex. Civ. App.] 151 S. W. 345; Staley v. Derden, 57 Tex. Civ. App. 142, 121 S. W. 1136), that the suit was one the county court had power to hear and determine. That court did not have jurisdiction of the case unless the value of the "matter in controversy" between the parties exceeded $200 and did not exceed $1,000, exclusive of interest. Section 16, art. 5, Constitution; articles 1763, 1764, Vernon's Statutes. The value, if any, of the matter in controversy was not shown in the pleadings, and therefore the court should not have assumed jurisdiction of the case. The judg-

ment will be reversed, and the cause will be remanded, with instructions to the court below to dismiss the suit. Ry. Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294; Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S. W. 281; Johnson v. Gibson Bros. (Tex. Civ. App.) 240 S. W. 667.