JACOBSON et al. v. WOOD.

No. 5183.

Court of Civil Appeals of Texas. Amarillo.

July 1, 1940.

Rehearing Denied Sept. 9, 1940.

W. S. Birge, of Amarillo, for appellants.

W. A. Culwell, of Amarillo, for appellee.

FOLLEY, Justice.

This is an appeal from the county court of Potter County, Texas, in a cause which originated in the justice court of Precinct No. 1 of Potter County. The suit was filed in the justice court on November 20, 1935, by Phillips Schneider Brewing Company of Trinidad, Colorado, against Jo Jacobson, one of the appellants, seeking recovery for $155.48 alleged to have been due such company upon Jacobson's account with the brewery in his purchase of beer in wholesale lots. Jacobson filed his answer and cross-action impleading C. C. Wood, the appellee as a cross-defendant, seeking recovery against Wood for any judgment rendered against Jacobson and alleging that the debt, if any, due the brewery was by reason of Wood's failure to return to the brewery some empty containers which he had agreed to return in a purchase of some of the beer from Jacobson.

Wood filed an answer and cross-action against Jacobson seeking judgment against him for $190.40 for 718 empty cases of beer bottles at 30¢ per case, less $25 expenses incurred by Jacobson in delivering the bottles to the brewery at Trinidad. Jacobson and Morris Spicer, the other appellant, thereafter filed an answer in which permission was asked and granted that Spicer be made a party defendant with Jacobson alleging that Jacobson and Spicer were partners in the wholesale beer business at all times material to this controversy. In this pleading Jacobson and Spicer sought judgment against Wood for $40 alleged to have been expended by them in delivering empty bottles to the brewery and further sought judgment over against Wood for any recovery allowed against them in favor of the brewery. In this pleading the request was also made that W. E. Darnell be made a party defendant with Wood, alleging that he was Wood's partner in the cafe business at Amarillo, Texas. This permission was also granted by the court but from the record before us Darnell was not made a party, however, this matter becomes immaterial since the testimony shows that Darnell sold his interest in the cafe business to Wood in 1934 and thereafter had no interest in the subject matter of this suit.

Other pleadings were filed by Jacobson and Spicer and the transcript from the justice court also shows that the brewery company pleaded orally. The judgment in such transcript also indicates that after Spicer was made a party Wood filed a cross-action against Jacobson and Spicer. The transcript also shows that the cause proceeded to judgment on February 16, 1939, wherein the brewery company recovered nothing and C. C. Wood recovered judgment against Jacobson and Spicer, jointly and severally, in the sum of $175.

Thereafter on February 27, 1939, Jacobson and Spicer filed their appeal bond in favor of Wood seeking to appeal the cause to the county court of Potter County. Upon a trial de novo in the county court judgment was rendered in Wood's favor and against Jacobson and Spicer for the sum of $175.40. It is from this judgment that this appeal is prosecuted.

It is our opinion that fundamental error is apparent in the record before us in that no appeal was successfully prosecuted from the justice court to the county court. It will be noted from what we have said above that the date of the justice court judgment as shown from the transcript of the justice of the peace was February 16, 1939. In the absence of any showing to the contrary we must presume this to be the exact date of the entry of the judgment on the docket of the justice of the peace, and this is true in the face of the fact that the appeal bond recites on its face that the judgment was rendered February 27, 1939, the day the appeal bond was filed. The transcript over the signature of the justice of the peace must necessarily be presumed to correctly state the date of the judgment and must be given precedence over the ex parte statement of the parties in the appeal bond. No motion for a new trial appears to have been filed in the justice court. The appeal bond of Jacobson and Spicer attempting to remove the cause to the county court was neither approved nor filed until February 27, 1939, which, exclusive of the day of the date of the judgment shown in the transcript, was not

within ten days from the date of the judgment. To have been within the ten-day period prescribed by the statute (article 2456, R.C.S.), this bond should have been approved and filed on or before February 26, 1939. Bach, Meiss & Co. v. Ginacchio, 1 White & W.Civ.Cas.Ct.App., § 1315; 26 Tex.Jur. 883, para. 87; McIver v. McIntosh et al., 10 Tex.Civ.App. 581, 30 S.W. 1086; Kyle et al. v. Richardson, 31 Tex. Civ.App. 101, 71 S.W. 399, writ denied. Therefore the record before us affirmatively shows that the county court failed to obtain jurisdiction of the cause and therefore this court is without jurisdiction of the appeal. McMahon et al. v. City Bank of Sherman, Tex.Civ.App., 61 S.W. 952.

Where jurisdiction of the county court is not affirmatively shown, we think the better practice is not to dismiss this appeal but to reverse and remand the cause with instructions for the county court to dismiss the same unless it is made to appear that its jurisdiction has been properly invoked, and it is so ordered. Perry et al. v. Greer, 110 Tex. 549, 221 S.W. 931; Fruit Dispatch Co. v. Rainey, Chief Justice et al., 111 Tex. 266, 232 S.W. 281; Patrick v. Pierce, 107 Tex. 620, 183 S.W. 441; Nordyke v. James, Tex.Civ.App., 272 S.W. 247; Ballard v. Breigh, Tex.Civ.App., 262 S.W. 886; Johnson et al. v. Gibson Bros., Tex. Civ.App., 240 S.W. 667; 3 Tex.Jur. 403, para. 287.

Reversed and remanded with instructions.