### GRAHAM v. SEALE et al.
### No. 11957.

Court of Civil Appeals of Texas.
San Antonio.
May 25, 1949.

**354**

Luther E. Jones, Jr., Corpus Christi, E. Garland Brown, Corpus Christi, for appellant.

Fischer, Lyle & Burney, Corpus Christi, Vinson, Elkins, Weems & Francis, Houston, for appellee.

NORVELL, Justice.

The appellant, in a collateral proceeding, attacks the validity of a divorce decree rendered in Cause No. 194,395, by the 55th District Court of Harris County, on May 23, 1931, which dissolved the marriage then existing between Elisa S. Graham and John Thomas Graham, who is generally referred to in the briefs as Tom Graham. Shortly after the rendition of this decree Tom Graham married Virginia Deaver Graham. On July 8, 1948, Tom Graham died, intestate, in Nueces County, where he then resided. Mrs. Virginia Deaver Graham renounced her right to administer the estate in favor of Wesley E. Seale, Article 3359, Vernon's Ann.Civ.Stats. Seale's application for letters of administration was contested by Elisa S. Graham, who contended that the divorce decree of May 23, 1931, was void and that she was the surviving widow of Tom Graham, deceased. The County Court of Nueces County held contrary to this contention

and this holding was sustained by the district court. The district judge concluded, as a matter of law, that the decree of May 23, 1931, "is legal and valid on its face, and is immune from collateral attack." Letters of administration were granted to Wesley E. Seale as the nominee of Virginia Deaver Graham.

The appellant contends that the 1931 divorce decree is void because it appears from the judgment roll that the provisions of Article 4632, Vernon's Ann.Civ.Stats., were not complied with. This article reads as follows:

"Procedure.—Suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed. In all such suits the defendants shall not be compelled to answer upon oath nor shall the petition be taken as confessed for want of answer, but the decree of the court shall be rendered upon full and satisfactory evidence, upon the judgment of the court affirming the material facts alleged in the petition. Either party may demand a jury. Acts 1873, May 27, p. 117; P.D. 3459; Acts 1913, p. 183, § 1."

Keeping in mind the rule that the judgment proper controls over other parts of the judgment record (25 Tex.Jur. 853, § 328), we make the following statement of the facts disclosed by the judgment roll of the 1931 divorce case. Permean Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564, 111 A.L.R. 1152.

The suit was commenced by petition filed by Mrs. Elisa S. Graham on March 5, 1931. On May 20th, the defendant, Tom Graham, filed a cross-action. The case came on for hearing on May 23d, at which time the plaintiff, Elisa S. Graham, dismissed her suit and the cause proceeded to trial upon the cross-action. A judgment was rendered dissolving the marriage and awarding Tom Graham a divorce as prayed for in his cross-action.

Based upon the facts as above set out, we make the following holdings from which an affirmance of the judgment follows:

(1) The provisions of Article 4632 relating to the thirty day period were fully complied with. The defendant was entitled

to answer the petition and by cross-action seek a divorce himself. The dismissal of the original petition could not affect his rights to proceed under the cross-action. Rule 164, T.R.C.P., formerly Article 2182. A petition for divorce was filed on March 5, 1931, and a suit for divorce was pending from said date until finally disposed of by final decree rendered on May 23, 1931. The subsequent discontinuance entered by plaintiff after a cross-action had been filed did not deprive the court of the authority to grant a divorce upon the cross-action at any time after a period of thirty days had elapsed since the filing of the original petition. Coast v. Coast, Tex.Civ.App., 135 S.W.2d 790.

(2) Article No. 4632 relates to procedure, but, like No. 4631, "it is not a jurisdictional article at all." Consequently, a non-compliance with the provisions thereof would not render the judgment void and subject to collateral attack. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198; 25 Tex.Jur. 698, § 257.

The judgment appealed from is affirmed.