In the Matter of the MARRIAGE OF Billy McClelland GILLMAN and Viola Jane Gillman.

No. 8417.

Court of Civil Appeals of Texas, Amarillo.

Feb. 25, 1974.

Rehearing Denied April 8, 1974.

Smith, Waters, Sturgeon & Holt (Ben L. Sturgeon), Pampa, for appellant.

Gassaway & Gurley (Jody G. Sheets), Borger, Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, for appellee.

ELLIS, Chief Justice.

This is an appeal from an order denying appellant's motion to vacate a divorce judgment. Reversed and remanded with instructions to dismiss the motion to vacate.

Billy McClelland Gillman, Petitioner, filed suit against Viola Jane Gillman, Respondent, for divorce on May 26, 1972. That very day after the parties appeared and presented evidence in support of their pleadings, a judgment was entered in the court of domestic relations which dissolved the marriage, decreed custody provisions, and made a division of the community property. Neither party perfected an appeal of the divorce judgment in accordance with Rule 329b, Texas Rules of Civil Procedure. On April 2, 1973, after more than ten months had elapsed following the entry of the divorce judgment, Viola Jane Gillman Moore (formerly Viola Jane Gillman) filed her motion to vacate the May 26, 1972 judgment. On June 11, 1973, the court entered an order denying the motion to vacate and reaffirming its earlier judgment. From this June 11, 1973 order Mrs. Moore has perfected this appeal.

It is appellant's basic contention, as set out in her first point of error, that the court erred in overruling the motion to vacate because the record shows that the order of May 26, 1972, purporting to be a final judgment of divorce, was signed and entered on the same day that the divorce petition was filed in violation of Section 3.60, Texas Family Code, Vernon's Texas Codes Annotated (1971), and thus was null and void. Section 3.60 of the Family Code provides:

"A divorce shall not be granted until at least 60 days have elapsed since the day the suit was filed. However, a de-

cree entered in violation of this section is not subject to collateral attack."

Thus, the appellant has challenged the validity of the May 26, 1972 judgment which was entered before sixty days had elapsed after the filing of the divorce suit. In support of her position, appellant cites the following cases: Givens v. Givens, 304 S. W.2d 577 (Tex.Civ.App.—Dallas 1957, no writ); Ingram v. Ingram, 249 S.W.2d 86 (Tex.Civ.App.—Galveston 1952, no writ); Snow v. Snow, 223 S.W. 240 (Tex.Civ.App. —San Antonio 1920, no writ); Beeler v. Beeler, 218 S.W. 553 (Tex.Civ.App.—El Paso 1920, no writ); and Fyke v. Fyke, 442 S.W.2d 760, 763 (Tex.Civ.App.—Fort Worth 1969, no writ).

The appellee contends that the trial court correctly denied appellant's motion to vacate the judgment of May 26, 1972. In support of such contention, he insists that appellant's motion to vacate is clearly a collateral attack upon the judgment of May 26, 1972, and that such collateral attack is expressly prohibited by the last sentence of Section 3.60 of the Family Code.

■ Before considering other questions, it is our duty to consider whether the record reflects that this court has jurisdiction of this appeal. Articles 1822, 2249, Vernon's Ann.Civ.Stat. This jurisdictional matter can be resolved by determining whether this appeal is a direct or collateral attack on the divorce decree of May 26, 1972. The record reflects that this appeal is neither a direct appeal in compliance with Rule 329b, T.R.C.P., nor a bill of review in compliance with Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). Consequently, respondent's motion to vacate is a collateral attack upon the divorce decree. See Hodges, Collateral Attacks on Judgments, 41 Tex.L.Rev. 163, 164 (1962), 499, 505 (1963).

We hold that this collateral attack is precluded by the provision contained in the second sentence of Section 3.60 which in effect states that although a divorce is grant-ed before sixty days have elapsed since the suit was filed, the decree is not subject to collateral attack. In the light of this statutory declaration of public policy, we hold that the non-compliance with the waiting period provision of Section 3.60 was procedural, not jurisdictional. See Graham v. Seale, 221 S.W.2d 353 (Tex.Civ.App.—San Antonio 1949, no writ). Thus, such matter could only be challenged or corrected by direct appeal. We note that the cases above mentioned which appellant cites in support of her contention that compliance with the waiting period was mandatory and that a judgment of divorce entered before the expiration of the statutory waiting period was void, are pre-Family Code cases. It is our opinion that such holdings have been supplanted by the statutory provision of the second sentence of Section 3.60 of the Family Code (1971).

■ Predicated upon this view of Section 3.60, it is clear that the trial court was without jurisdiction to deny the motion to vacate. The appropriate disposition was a dismissal rather than a denial upon consideration of the merits. However, since the trial court lacked subject matter jurisdiction to deny appellant's motion to vacate, this court lacks jurisdiction to entertain this appeal. Bridgman v. Moore, 180 S.W.2d 211 (Tex.Civ.App.—Beaumont 1943, aff'd, 143 Tex. 250, 183 S.W.2d 705 (1944)).

In the case of Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S.W. 281, 282 (1921), the Texas Supreme Court held:

"(O)n the appeal to the Court of Civil Appeals of a cause of which the trial court did not have jurisdiction, the proper practice is not to dismiss the appeal but to reverse the judgment and remand the cause with the direction that it be dismissed."

See also, Speaker v. Lawler, 463 S.W.2d 741 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); Jacobson v. Wood, 142 S.W. 2d 949 (Tex.Civ.App.—Amarillo 1940, no writ); and Appellate Procedure In Texas

(Continuing Legal Education Program of the State Bar of Texas) § 18.20 [2] (1964).

For the reasons above stated, the order of June 11, 1973, is reversed and this cause is remanded to the trial court with instructions to dismiss Viola Jane Gillman Moore's motion to vacate the divorce judgment of May 26, 1972.