TEMPLE NEWS AGENCY, Appellant,

v.

**WANT ADS OF WACO, Appellee.**

**No. 5902.**

Court of Civil Appeals of Texas, Waco.

Oct. 19, 1978.

Karen M. Neeley and Bob Burleson, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellant.

Raymond T. Palladino and F. Ben Selman, Jr., Waco, for appellee.

## OPINION

JAMES, Justice.

This is a venue case, an appeal from an order overruling a plea of privilege of Defendant-Appellant Temple News Agency to be sued in the county of its residence. We affirm.

Plaintiff-Appellee Want Ads of Waco, a partnership, brought this suit in McLennan County against Defendant-Appellant Temple News Agency upon an unsworn account based upon an oral contract; and in addition thereto, Want Ads sued Temple News Agency for relief under Section 17.41 et seq., Texas Business and Commerce Code, to wit, the Deceptive Trade Practices-Consumer Protection Act.

The Defendant Temple News Agency filed its plea of privilege to be sued in Bell County, the county of its residence; whereupon Plaintiff Want Ads controverted in effect under subdivision 5 (contract in writing), 7 (fraud), 9a (negligence), and 30 (special venue) of Article 1995, Vernon's Texas Civil Statutes, and Section 17.56, same being the venue provision of the Deceptive Trade Practices-Consumer Protection Act.

After hearing upon the venue matter, the trial court overruled the Defendant Temple News Agency's plea of privilege, from which it appeals.

Defendant-Appellant attacks all of the implied findings of the trial court supporting the court's order by separate points of error; however, we will discuss only subdivision 30 of Article 1995 and Section 17.56 of the Texas Business and Commerce Code because in our opinion the trial court's order should be affirmed upon this ground.

Subdivision 30 of Article 1995 provides:

"Special Venue. Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

Section 17.56 of the Texas Business and Commerce Code effective May 23, 1977, said section being a part of the Deceptive Trade Practices-Consumer Protection Act, provides:

"Venue. An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

This suit was filed by Plaintiff Want Ads on October 25, 1977. The venue of an action is controlled by the law in effect at the time of the institution of the suit. See *Hanssard v. Ledbetter* (Waco CA 1978) 561 S.W.2d 34, and the cases cited therein on p. 37; 59 Tex.Jur.2d "Venue," Sec. 13, p. 381.

Plaintiff Want Ads of Waco is shown by the evidence to be a partnership whose principal place of business is in Waco, McLennan County, Texas. Want Ads was in the business of printing brochures weekly which consisted primarily of classified advertising. In other words, Plaintiff would run free of charge ads for people who had items for sale; and then when a customer sold the item or items advertised, the customer would pay Want Ads for his advertising. The bulk of Plaintiff's advertising was

in Waco and McLennan County. Plaintiff's evidence was to the effect that Dale Foulds and Ronald H. Miller, the partners in Want Ads, made an oral agreement with Ken Hunka, the latter acting in behalf of Temple News Agency, whereby Temple News Agency agreed to come to Waco each Wednesday and pick up Plaintiff Want Ads's brochures and deliver same to several stores and retail outlets (primarily located in McLennan County) the following day (Thursday) for display and sale; moreover, Temple News Agency agreed to pick up the old issues from said retail outlets, count the returned issues and deliver the old unsold issues back to Plaintiff for correct billing; the brochures were supposed to sell for fifty cents each at the retail outlets; Defendant Temple News Agency agreed to pay Plaintiff Want Ads twenty-five cents for each brochure sold, such payments to be made by Defendant to Plaintiff once each month. Plaintiff's witnesses testified that in addition to dealing with Ken Hunka at Temple that they also dealt with one Red Leggott of Waco, who was also representing Defendant; that Defendant through its said representatives or agents told Plaintiff's partners that Defendant would make the above pickups of new issues from Plaintiff each Wednesday, deliver same each Thursday to the retail outlets, pick up the old issues (from the previous week) at such retail outlets, count the returned issues and give said count to Plaintiff for billing purposes, and pay Plaintiff once each month for the brochures sold during each such month. The business dealings between Plaintiff and Defendant commenced in January 1977 and ended the latter part of August 1977. Specifically, the net amount of $1255.00 sued for alleged as due and owing by Defendant was covered by three invoices covering respectively the weeks of August 3, August 11, and August 18, 1977.

Plaintiff's witnesses testified that Defendant failed to do what it agreed to do; that Plaintiff Want Ads actually delivered to Defendant approximately 74,000 issues but that only about 50% of such issues ever reached the shelves of the retail outlets; that the Defendants failed to make the agreed-upon deliveries and pickups and to render accurate reports to Plaintiff concerning the number of issues sold, and failed and refused to pay Plaintiff the monies which Defendant owed Plaintiff.

Ronald H. Miller, one of the partners of Plaintiff Want Ads, testified that he invested about $35,000.00 of his personal money in the partnership, and the partnership was forced to cease doing business in the latter part of August 1977, due to the failure of Defendant to perform its agreement with Plaintiff.

■ In the case at bar, Plaintiff-Appellee has pleaded and proved a cause of action or claim to relief under Section 17.50, and has further proved that the Defendant has done business in McLennan County; therefore, in our opinion Plaintiff-Appellee has met its burden of establishing venue in McLennan County under Subdivision 30 of Article 1995 and Section 17.56 of the Texas Business and Commerce Code.

Defendant-Appellant asserts that the evidence conclusively shows that the material acts and representations made by Defendant to Plaintiff occurred and took place prior to May 23, 1977, the date of the latest amendments to the Deceptive Trade Practices-Consumer Protection Act, that under the law prior to May 23, 1977, Plaintiff was not a "consumer" as same was defined in the Act prior to May 23, 1977; and additionally, that under the definition of "services" under the law prior to said amendments, Plaintiff was not entitled to sue for the lack of "services," which Defendant agreed to render but did not render. We overrule these contentions.

Plaintiff's evidence shows that Defendant's acts and representations complained of were made both before and after May 23, 1977, and the "services" which Defendant agreed to render but which Defendant rendered improperly or not at all, occurred both before and after May 23, 1977; indeed, the three invoices sued upon were all dated in August 1977. In short, the dealings between the parties consisted of a continuing course of conduct which began in January 1977 and ended in August 1977.

We believe the definitions of the terms, "Services" and "Consumer" as properly applicable to the case at bar are those contained in the Act after the May 23, 1977 amendments, which read as follows:

"Section 17.45 Definitions

"As used in this subchapter:

\* \* \* \* \* \*

"(2) 'Services' means work, labor or service purchased or leased for use, including services furnished in connection with the sale or repair of goods."

\* \* \* \* \* \*

"(4) 'Consumer' means an individual, partnership, corporation, or governmental entity who seeks or acquires by purchase or lease, any goods or services."

We are of the opinion and hold that Plaintiff-Appellee Want Ads fell within the above definition of "consumer," so that Plaintiff was eligible to bring the suit which it did bring, and that the "services" the want of which are the subject matter of Plaintiff's cause of action, were properly sued for in Plaintiff's suit.

Since we believe that venue properly lies in McLennan County for the reasons hereinabove set out, we therefore affirm the trial court's judgment.

AFFIRMED.