SAM KANE BEEF PROCESSORS, INC., Appellant,

v.

Larry MANNING, d/b/a Wendy's Old Fashioned Hamburgers, Appellee.

No. 1640.

Court of Civil Appeals of Texas, Corpus Christi.

May 8, 1980.

Harold Alberts, Corpus Christi, for appellant.

Donald A. Edwards, Victoria, for appellee.

## OPINION

NYE, Chief Justice.

This is an appeal from an order denying defendant's plea of privilege in a suit filed in June of 1979. The suit was brought by the plaintiff under the Deceptive Trade Practice Act. Plaintiff alleged that the meat purchased from the defendant had so much moisture in it that it could not be made into hamburger patties, the purpose for which it was purchased.

The defendant appeals, contending in its first point of error that the testimony established beyond a doubt that the sole owner of the business was "Brecken Corp.," not Larry Manning, d/b/a Wendy's Old Fashioned Hamburgers, and therefore, Brecken Corp. is the only one who has a cause of action against this defendant. This point of error must be overruled for three reasons.

First, the defendant-appellant has not briefed the point, and it fails to meet the minimum requirements of Rule 418, T.R. C.P. *Crutcher-Rolfs-Cummings, Inc. v. Ballard*, 540 S.W.2d 380, 389 (Tex.Civ.App.— Corpus Christi 1976, writ ref'd, n. r. e.) cert. denied, 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).

Second, the evidence, as testified by plaintiff's assistant manager, showed that "Mr. Manning owns the business". The trial court was at liberty to make this implied finding from the evidence in the record. *Rouse v. Shell Oil Co.*, 577 S.W.2d 787 (Tex. Civ.App.—Corpus Christi 1979, writ dism'd). This is so even where there had been a conflict that later developed in the evidence.

Third, the defendant failed to object to a defect of the parties (if any there was) under Rule 93, T.R.C.P. This rule states that, if there is a defect of the parties

(plaintiff or defendant), a pleading setting up such defect must be verified by affidavit (unless the truth of such matter appears of record). Where the defendant does not file a sworn pleading complaining of such a defect of the parties before the case is called to trial, such defect (absent an indispensible party) is waived. Rule 93, T.R.C.P.; *Ladner v. Reliance Corp.*, 156 Tex. 158, 293 S.W.2d 758 (1956).

■ The balance of defendant-appellant's points of error concern the requisite venue requirements brought under the Texas Deceptive Trade Practice—Consumer Protection Act. This case was filed in June of 1979, prior to August 27, 1979, the effective date of the 1979 amendment. It is axiomatic that venue is controlled by the law that is in effect at the time of the institution of the suit. *Dairyland County Mutual Insurance Co. v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Temple News Agency v. Want Ads of Waco*, 573 S.W.2d 269 (Tex.Civ.App. —Waco 1978, no writ); *Atkins v. Wheeler*, 307 S.W.2d 294 (Tex.Civ.App.—Austin 1957, writ dism'd w. o. j.); *Holt v. Wheeler*, 301 S.W.2d 678 (Tex.Civ.App.—Galveston 1957, writ dism'd w. o. j.); *Genecov v. Marcus*, 285 S.W.2d 872 (Tex.Civ.App.—Dallas 1955, no writ).

■ Under Section 17.56, Venue, of the Act (DTPA-1979) [1] it was not incumbent upon a plaintiff to prove a cause of action under DTPA; the allegation of a claim under Section 17.50 was sufficient. *United Plastics Co. v. Dyes*, 588 S.W.2d 857 (Tex. Civ.App.—Tyler 1979, no writ); *Moore v. White*, 587 S.W.2d 549 (Tex.Civ.App.—Dallas 1979, no writ); *Compu-Center, Inc. v. Compubill, Inc.*, 580 S.W.2d 88 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ). The plaintiff satisfied the requirements under Section 17.50 of the Act by pleading: "on or about February 1, 1979, Plaintiff purchased from the Defendant 600 pounds of ground hamburger meat. This purchase was covered by Defendant's invoice number 130572 in the amount of $732.90. At the time of this purchase, Plaintiff was in the business of making and selling hamburgers at retail and the meat purchased was intended to be used for hamburger patties, which facts were well known to the Defendant" . . . "Within a short period this particular meat was opened for use and was found to contain so much water that it could not be made into patties and used for its intended purpose. Since Defendant knew at the time the meat in question was delivered and sold, that it was intended to be made into hamburger patties and that Plaintiff was relying upon Defendant to furnish meat suitable for the intended purpose, there arose at the time of the sale an implied warranty that the meat was fit for such purpose."

In addition, plaintiff alleged that the defendant has done business and was doing business in Victoria County, Texas. The proof showed that the defendant solicited and received orders of meat from the plaintiff's hamburger business about twice weekly and therefore had been doing business in Victoria County, the county of suit, for quite some time ". . . a few months . . .". This satisfies the requirement of "has done business" in the county of suit. *Frost v. Molina*, 595 S.W.2d 184 (Tex.Civ.App.—Corpus Christi 1980, writ pending).

■ Next, the defendant contends that there was no allegation or proof of intent to deceive or wrongful intent as required by the DTPA. Defendant contends that, as a matter of fact, plaintiff was not harmed and parted with nothing until plaintiff's counsel, after the dispute arose, advised the plaintiff to pay for the meat under protest in order that plaintiff might then thereafter claim that he was harmed by the sum so paid as an unconscionable act of the seller. The defendant claims that a wrongful intent is required under Section 17.50 as well as other sections of the Act citing *Singleton v. Pennington*, 568 S.W.2d 367 (Tex.Civ. App.—Dallas 1977, writ granted).

---

1. "an action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has done business."

Prior to the 1977 amendment, "unconscionable action" was not defined. As amended in 1977. (applicable in this case), it was defined in Section 17.45 as follows:

"(5) "Unconscionable action or course of action" means an act or practice which, to a person's detriment:

\*　\*　\*　\*　\*　\*

(B) results *in a gross disparity between the value received and consideration paid*, in a transaction involving transfer of consideration." (emphasis added.)

In plaintiff's petition, it was alleged "since the meat purchased by Plaintiff could not be used for its intended purpose, it had no value to Plaintiff and Plaintiff's paying Defendant the sum of $732.90 for such meat resulted *in a gross disparity between the value received and the consideration paid.* (emphasis supplied.) This satisfies the requirement of the Act for venue purposes.

We have considered all of appellant's points of error, and they are overruled. The judgment of the trial court is affirmed.