BIG ROCK PROPERTIES TEXAS, INC.,
et al., Appellants,

v.

E. Y. KING et ux., Appellees.

No. B2543.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 18, 1981.

Rehearing Denied April 8, 1981.

Fred M. Bosse, Houston, for appellants.

Bill E. King, Mabry, Gibson & King, Houston, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is a plea of privilege case. E. Y. King and wife Joyce King brought suit against appellants Big Rock Properties Texas, Inc. and Big Rock Associates, Ltd. (Big Rock), alleging a cause of action under the Texas Deceptive Trade Practices Act. Suit was brought in Galveston County, Texas and Big Rock filed a plea of privilege to be sued in Harris County, Texas. The Kings filed a controverting affidavit, and after a hearing, the judge denied Big Rock's plea of privilege. Big Rock appeals asserting five points of error. We affirm.

On June 19, 1979 the Kings leased space in the Ports of Call Mall, located in Nassau Bay, Harris County, from Big Rock Associates, Ltd. In their first amended original petition, the Kings stated Big Rock dispossessed them of the leased premises on or about February 26, 1980 even though they were not in default under the terms of the lease. In addition the Kings alleged Big Rock made certain representations regarding the leased premises which were false and on which they relied to their damage. As a result of these alleged breaches, the Kings filed suit in Galveston County, Texas, alleging, among other things, a cause of action under Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon Supp. 1980–1981)

(Texas Deceptive Trade Practices Act). The present appeal resulted from Big Rock's filing of a plea of privilege to be sued in Harris County, Texas.

In its first three points of error Big Rock states the trial court erred in overruling the plea of privilege because no applicable exception to the general venue statute was pled or was applicable to the Kings' cause of action.

In their controverting affidavit the Kings alleged venue was proper in Galveston County pursuant to the terms of Tex.Bus. & Com.Code Ann. § 17.56 (Vernon Supp. 1980–1981). This section of the Deceptive Trade Practices Act specifies:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or in the county in which the alleged act or practice occurred or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar.

Section 17.56 was amended effective August 27, 1979 to read as set out above. The rule of law is that venue of an action is controlled by the law in effect at the time of institution of the suit. *Dairyland County Mutual Insurance Company of Texas v. Harrison*, 578 S.W.2d 186, 189 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). The Kings filed their suit on April 10, 1980, after the effective date of the amendment, therefore the above quoted venue statute is applicable to the facts in the instant case.

The Kings asserted in their controverting affidavit that section 17.56 was applicable and allowed venue to be proper in Galveston County. They therefore pled an applicable venue statute.

Appellant's points of error one through three are therefore overruled.

In points of error four and five Big Rock asserts the trial court erred in overruling the plea of privilege because there was no evidence that Big Rock had "done business" in Galveston County, Texas.

The applicable venue provision of the Texas Deceptive Trade Practices Act above provides in part an action may be brought where the defendant or an authorized agent of the defendant has solicited the transaction made the subject of the cause of action, and a finding that the defendant has "done business" in the county of suit is not required.

There was proof at the hearing on Big Rock's plea of privilege which indicates Big Rock did indeed solicit the transaction made the subject of the instant suit in Galveston County, Texas. The Kings' exhibit two, admitted into evidence at the plea of privilege hearing, is a yellow pages telephone directory serving the Clear Lake area. There was evidence some thirteen communities are covered by this directory and that some of those communities are located in Galveston County. On page 182 of the telephone directory under the heading of "Shopping Centers" there is a listing for the Ports of Call Fashion Mall located in Nassau Bay. This is the mall where the space which the Kings leased from Big Rock was located.

We hold that by listing the Ports of Call Mall in the yellow pages of the telephone directory for communities in Galveston County, Texas Big Rock "solicited business" in Galveston County, Texas for the purposes of determining venue under section 17.56 of the Texas Deceptive Trade Practices Act. *See Dairyland County Mutual Insurance Company v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). The trial judge was therefore correct in holding venue was proper in Galveston County and Big Rock's points of error four and five are overruled.

Judgment affirmed.