**Dewitt GRAY, d/b/a Dee Gray Construction Co., Appellant,**

v.

**Marvin Ray JOHN, et ux., Appellees.**

**No. 12–81–0172–CV.**

Court of Appeals of Texas, Tyler.

July 15, 1982.

Rehearing Denied Aug. 5, 1982.

Frank Supercinski, Longview, for appellant.

James N. Phenix, Henderson, for appellees.

McKAY, Justice.

Our previous opinion of June 24, 1982, is withdrawn and the following is substituted therefor.

This is a venue case in which appellees, Marvin Ray John and his wife, Yvonne John (Johns), brought suit in Rusk County against appellant, Dewitt Gray, d/b/a Dee Gray Construction Co. (Gray), a resident of Gregg County, for damages for failure to perform a building contract in accord with

the agreement. The Johns also alleged violations of secs. 17.46(b)(1) through (23); 17.50(a) to (d); and 17.50(b)(1) of Tex.Bus. and Com.Code, Deceptive Trade Practices—Consumer Protection Act (Vernon Supp.1981).[1]

Gray filed a plea of privilege alleging his residence and principal place of business was in Gregg County and no exception to exclusive venue in such county existed. The Johns replied with a controverting plea alleging that venue had been established in Rusk County under subdivisions 5, 7, 9, 9a, 12, 14 and 30 of art. 1995, Tex.Rev.Civ.Stat. Ann. (Vernon 1964) and § 17.56.

The proof shows that the residence built for the Johns by Gray was located in Rusk County. The Johns filed suit against Gray on July 13, 1981. Venue of an action is governed by the law in effect at the time the suit is instituted. *Big Rock Properties Texas, Inc. v. E. Y. King*, 613 S.W.2d 804, 805 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Since the suit was instituted in 1981, the venue provision in effect at that time controls. The venue provision which was effective on July 13, 1981, reflects the 1979 amendment to Section 17.56. It reads:

> An action brought which alleges a claim to relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principal place of business, or has a fixed and established place of business at the time the suit is brought or *in the county in which the alleged act or practice occurred* or in a county in which the defendant or an authorized agent of the defendant solicited the transaction made the subject of the action at bar. (Emphasis added.)

Gray contends that § 17.56 requires proof of its fixed and established place of business (1) in Rusk County at the time suit is brought, or (2) in the county in which the alleged act or practice occurred, or (3) in a county in which the defendant or an authorized agent of the defendant solicited the

transaction made the subject of this action at bar. He argues that the 1979 amendment to § 17.56 eliminated the "has done business" provision, and substituted other venue criteria.

It is our view that the provision "in the county in which the alleged act or practice occurred" is applicable in this case. The Johns alleged deceptive trade practices by Gray, and then proved that the county where such acts were alleged to have occurred was in Rusk County. Since the alleged deceptive trade practice about which the Johns complain involved some failure to perform on the building contract, or some defective, incomplete, or improper performance, and such nonperformance or defective or incomplete performance occurred in Rusk County, the requirements of the statute have been met. Venue is properly fixed in Rusk County.

Judgment of the trial court is affirmed.

---

1. Unless otherwise specified, all statutory authority herein refers to the Deceptive Trade