**GRAUE–HAWS, INC., Relator,**

v.

**The Honorable Lawrence FULLER, Respondent.**

**No. 08–83–00340–CV.**

Court of Appeals of Texas, El Paso.

Jan. 11, 1984.

Rehearing Denied Feb. 15, 1984.

Jeff Kaplan, Woodburn & Sullivan, Dallas, for relator.

Lawrence Fuller, pro se.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an original proceeding for writ of mandamus involving the 1983 amendment to the general venue statute. The trial court held that the amendment controlled the disposition of Relator's plea of privilege and without hearing evidence and relying on the pleadings and affidavits of record in support of the controverting affidavit, retained venue in Reeves County and overruled the plea of privilege. Relator seeks a writ to vacate the order and transfer the cause to Dallas County. We deny the writ.

Section 3 of amended Article 1995 (1983 Tex.Sess.Law Serv. ch. 385, sec. 3 at 2124–25) provides:

This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purpose of appeals on venue questions pending prior to September 1, 1983, the former law is continued in effect.

The pertinent chronology is as follows:

| | |
|---|---|
| June 3, 1983 | Suit filed |
| June 24, 1983 | Plea of privilege filed |
| September 1, 1983 | Venue amendment effective |
| October 12, 1983 | Hearing on plea of privilege |
| October 31, 1983 | Plea of privilege overruled |

Relator contends that the venue law in effect at the time the law suit was filed applies and absent evidence being presented to support the controverting affidavit, he has a right to have the law suit transferred to Dallas County. Respondent ruled that the amendment effective September 1, 1983, applies and that venue is proper in Reeves County. Plaintiff below relied on the exception set forth in what was Section 23, Article 1995 (Vernon 1974), as its basis for venue in Reeves County. That section permitted venue "in the county in which the cause of action or part thereof arose." The same wording was carried forward in the amendment in this regard.

Relator argues that the language of the quoted amendment does not make it applicable to venue matters pending on September 1, 1983. We disagree. When a specific exception is stated by the legislature, it makes plain the intent of the legislature that the statute should apply in all cases not excepted. *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597, 600 (1957); *Providence Hospital v. Truly*, 611 S.W.2d 127, 133 (Tex.Civ.App.—Waco 1980, writ dism'd). Here, the legislature made one exception to the applicability of the new statute: "shall not apply to pending appeals on venue questions." To add an additional exception: "shall not apply to venue matters in lawsuits pending when the act took effect" would be repugnant to the statute. *Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex.1978). The Supreme Court changed Rule 87 effective September 1, 1983, eliminating interlocutory appeals of venue determinations, and provided in amended Rule 87 in pertinent part:

(b) The Hearing. The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties in accordance with the preceding subdivision of this paragraph 3 or of Rule 88.

This was the procedure the trial court followed.

As was stated in *Church v. Crites*, 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.):

No litigant has a vested interest in procedural rules, and new rules may be promulgated and put into effect taking away prior remedies, provided that they do not leave a litigant without any substantial remedy.

The writ is denied and the ruling on the plea, if raised on appeal, shall be considered when the final judgment reaches this Court, thus affording a substantial remedy.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent. The rules are being changed in the middle of the game. Defendant's case arose and was pled under one set of laws, but it was determined by another set of laws later enacted and as to which there were no pleadings. More than procedure was involved, for the Defendant had substantial rights wiped out. He lost the valuable right to have the case in his home county because the Plaintiff was not

required to comply with the then existing law. When Defendant filed his plea of privilege, he had an absolute right to have the case transferred unless Plaintiff filed a controverting plea and proved one of the exceptions of Article 1995 and that by a preponderance of the evidence as in a trial on the merits. *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953); *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935); Article 1995 (Vernon 1974); 1 R. McDonald, Venue, section 4.03.1 "The Basic Venue Rule." Plaintiff relies on exception 23 of Article 1995, and to overcome the basic venue rule and defeat the Defendant's right, he is required to prove a cause of action or part thereof arose in the county of suit and he must also establish by a preponderance of the evidence all of the elements of the cause of action against the corporate defendant. *Petromark Minerals, Inc. v. Buttes Resources Company*, 633 S.W.2d 657 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The Defendant/Relator even had the right to have his case tried by a jury. He had at the time of his plea of privilege an absolute right of appeal. *Southport Petroleum Company v. Carter*, 139 Tex. 661, 165 S.W.2d 85 (1942).

It has been repeatedly held that venue of an action is controlled by the law in effect at the time of the institution of the suit. *Big Rock Properties Texas, Inc. v. King*, 613 S.W.2d 804 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Beef Processors, Inc. v. Manning*, 601 S.W.2d 93 (Tex.Civ.App.—Corpus Christi 1980); *Dairyland County Mutual Insurance Company v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Temple News Agency v. Want Ads of Waco*, 573 S.W.2d 269 (Tex.Civ.App. —Waco 1978, no writ).

The amendment of Article 1995 was "effective September 1, 1983." That effective date is not altered by the quoted provision as to cases on appeal. The appeal of venue cases was allowed by Article 2008 (Vernon 1964); to apply a law effective September 1 to a case instituted in June is to make the law retroactive, contrary to the express date. Defendant could only assert his valuable right to be sued in the county of his choice by complying with the laws then in existence. He exercised his rights in accord with the existing law and he was entitled to have those rights determined by that law.

## OPINION ON MOTION FOR REHEARING

SCHULTE, Justice.

■ We have considered Relator's motion for rehearing. Relator cites us to *Gonzalez v. H.E. Butt Grocery, Company*, 667 S.W.2d 188 (Tex.App.—Corpus Christi 1983). It is different from our case in that the plea of privilege hearing was held prior to September 1, 1983, and was ruled on prior to that date. That court does, however, place a different interpretation on the paragraph of the amendment regarding its effective date. There, the court rejected the contention "that an appeal must be perfected in the venue matter prior to the effective date of the statute or it is subject to the amended rules and statute." We nevertheless believe that when a specific exception is stated by the legislature, it makes plain the intent of the legislature that the statute should apply in all cases not excepted. *State v. Richards*, 157 Tex. 166, 301 S.W.2d 597, 600 (1957); *Providence Hospital v. Truly*, 611 S.W.2d 127, 133 (Tex.Civ.App.—Waco 1980, writ dism'd). The wording of the two phrases of Section 3 of the amendment "pending appeals on venue questions" and "appeals on venue questions pending," we believe, refers to the same one exception. In any event, our ruling clearly poses the question that will have to be ultimately decided by the Supreme Court. The motion for rehearing is overruled.