**RAMCON CORPORATION, Louis Rochester and Scott Moore, et al., Appellants,**

v.

**AMERICAN STEEL BUILDING COMPANY, INC., Appellee.**

No. 08–83–00336–CV.

Court of Appeals of Texas, El Paso.

March 14, 1984.

Michael C. Steindorf, Carol Kirk, Turpin, Smith, Dyer & Saxe, Midland, for appellants.

Douglas J. Johnston, Philip J. Kochman, Crady & Peden, Houston, Robert E. Young, Tuttle, Sheehan, Young & Smith, Dallas, for appellee.

OPINION

WARD, Justice.

This purported interlocutory appeal is from an order dated October 25, 1983, sustaining the plea of privilege filed by a third-party defendant, severing that third-party action and transferring the same to a district court in Harris County. A motion to dismiss the appeal for want of jurisdiction has now been filed by the third-party defendant based on the terms of the 1983 Amendment to the General Venue Statute. We sustain the motion and dismiss the appeal.

The trial court made findings of fact and conclusions of law. The following events are noted. On July 29, 1982, the primary suit was brought in Midland County by Tiger Charter Corporation against Ramcon Corporation, Scott Moore and Louis Rochester for breach of a construction contract, breach of warranties, misrepresentation and fraud. It was not until July 22, 1983, that Ramcon Corporation and Scott Moore filed their third-party cross-action for contribution and indemnity against American Steel Building Company, Inc. American Steel was served with such cross-action on August 30, 1983. On September 12, 1983, American Steel Building Company, Inc. filed its plea of privilege as to the third-party cross-action praying that the cause as to it be transferred to Harris County, its county of residence. On September 19, 1983, Ramcon Corporation and Scott Moore filed their controverting plea stating that Article 1995 as amended on September 1, 1983, applied and that venue was proper in Midland County under various sections, particularly Section 4(b). That section provides that if venue is proper in the main action, then the court has venue on all cross-claims and third-party claims properly joined under the Texas Rules of Civil Procedure. The venue of the main action was in Midland County. On September 30, 1983, American Steel filed its first amended plea of privilege and motion to transfer. The plea of privilege relied upon the terms of Article 1995 before its amendment, because it was in effect at the time American Steel was made a party by the third-party action filed against it. The motion to transfer was based on various other grounds. Hearing with live testimony was held on October 17, 1983, and as previously pointed out, the court entered an order sustaining the plea of privilege, severed out the third-party cross-action and transferred it to a district court in Harris County. The trial court filed the following conclusions of law:

1. This venue question is governed and must be determined by venue law and procedure, to-wit: Article 1995 TEX.REV.CIV.STAT.ANN. and T.R. C.P. Rule 86 as they existed prior to their amendment effective September 1, 1983.

2. Article 1995 Section 4 subparagraph (b) as amended effective September 1, 1983 is not applicable to this case.

3. The facts as stated above do not show that Cross-Plaintiff's cause of action or a part thereof arose in Midland County and Cross-Plantiff [sic] has thus failed to carry its burden under Art. 1995(23) to show that venue exception applicable.

4. Art. 1995 TEX.REV.CIV.STAT.ANN. Section 1 as amended effective September 1, 1983 is not applicable to this case.

5. Cross-Defendant's Plea of Privilege must be sustained, the Cross-Plaintiff having failed to carry its burden of proof to show that any venue exception under Art. 1995 as it existed prior to September 1, 1983 is applicable to this case.

Ramcon Corporation perfected its attempted appeal from the order by filing its appeal bond on October 25, 1983.

Section 3 of Amended Article 1995 (1983 Tex.Sess.Law Serv. ch. 385, sec. 3 at 2124–25) provides:

This act takes effect September 1, 1983, and shall not apply to pending appeals on venue questions. For the purposes of appeal on venue questions pending prior to September 1, 1983, the former law is continued in effect.

In the Original Proceeding in Mandamus in *Graue-Haws, Inc. v. Fuller*, 666 S.W.2d 238 (1984), this Court had occasion to construe the quoted part of the statute. There the hearing on the plea of privilege occurred after September 1, 1983, and the plea of privilege was overruled the trial court holding the September 1, 1983, amendment controlled the disposition of the plea of privilege. In that case, the plaintiff relied on the exceptions set forth in what originally was Section 23, Article 1995, as a basis for holding venue in Reeves County. That same wording was carried forward in

the new amendment. Again, in that case, the relator argued that the language of the amendment did not make it applicable to venue matters pending on September 1, 1983. The majority of this Court disagreed and held that the legislature made only one exception to the applicability of the new statute when it stated that the act "shall not apply to pending appeals on venue questions."

American Steel now files its motion to dismiss the present appeal for want of jurisdiction on the ground that Article 1995 and Rule 87, Tex.R.Civ.P., both as amended on September 1, 1983, provide that no interlocutory appeal shall lie from the determination of the venue question. In the Graue-Haws case, this Court also held that the trial court's ruling on a plea of privilege shall be reviewed only when the final judgment reaches the Court.

Ramcon, in its response to the motion to dismiss the appeal, argues that it is faced with an untenable position should the interlocutory appeal be dismissed. Ramcon would not only be forced to abide by an order sustaining a plea of privilege which was incorrectly decided under the old statute, but would be faced with two trials. Section 4(d)(2) of the new statute provides as follows:

> On appeal from trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error. In determining whether venue was or was not proper the appellate court shall consider the entire record, including the trial on the merits.

Ramcon argues that it is apparent that there is now uncorrected reversible error already present in the case and that the whole trial will be an exercise in futility, a result which was not intended by the legislature.

Ramcon further argues that since the trial court has decided the plea of privilege under the old statute, that fairness now dictates that this Court take appellate jurisdiction under the old statute and render its decision on the merits of the plea of privilege.

Regardless of any merits as to Ramcon's position on the venue question, we do not reach those matters, as the question before us is one of our jurisdiction only. We hold that this was a purported appeal taken after September 1 and that no such interlocutory appeal is now permitted.

While this Court does not have appellate jurisdiction of the interlocutory order, it has now been given a much broader jurisdiction and power than before in mandamus. Article 1824 amended June 19, 1983, Tex.Rev.Civ.Stat.Ann. If Ramcon Corporation should now seek to proceed by application for mandamus, this Court will give such a proceeding serious consideration as it will concern a matter that should be resolved at the present time.

OSBORN, Justice, concurring.

I concur in the opinion of Justice Ward. In doing so, I would note that the trial court's order sustaining the plea of privilege was entered on October 25, 1983. This Court's opinion in *Graue-Haws, Inc. v. The Honorable Lawrence Fuller*, 666 S.W.2d 238 was not issued until January 11, 1984.

The trial court's order sustaining the plea of privilege is an interlocutory order over which the trial court retains jurisdiction until a final disposition of the case on the merits. In view of this Court's decision in the Graue-Haws, Inc. case, the trial court may now determine to reconsider its interlocutory order sustaining the plea of privilege of the third-party defendant, American Steel Building Company, Inc., and if the order entered on October 25, 1983, is set aside and a new order entered overruling the plea of privilege and motion to transfer, there would be no need for this Court to entertain a petition for writ of mandamus.

STEPHEN F. PRESLAR, Chief Justice, dissenting.

I respectfully dissent from the procedure of dismissing the appeal. I would reverse the judgment of the trial court and direct

the trial court to dismiss the venue cause of action.

This is a void judgment under Section 4(b) of Article 1995 as amended and effective September 1, 1983. That subsection provides that venue of third-party claims is established by the venue of the main action. The court then could not entertain this plea by the third-party defendant. Because there is no provision in law allowing this venue plea, the judgment is void. Stated otherwise, the trial court was without jurisdiction of any venue issue attempted by this third-party defendant.

"On the appeal to the court of civil appeals of a cause of which the trial court did not have jurisdiction, the proper practice is not to dismiss the appeal but to reverse the judgment and remand the cause with the direction that it be dismissed." *Fruit Dispatch Co. v. Rainey,* 111 Tex. 266, 232 S.W. 281 (1921). See also, *In re Marriage of Gillman,* 507 S.W.2d 610 (Tex.Civ.App. —Amarillo, 1974, writ dism'd); *Amigo Helicopters, Inc. v. Jones,* 488 S.W.2d 473 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Speaker v. Lawler,* 463 S.W.2d 741 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); *Jacobson v. Wood,* 142 S.W.2d 949 (Tex.Civ.App.—Amarillo 1940, no writ).

I agree with the majority that the trial court was in error in trying this matter under the terms of Article 1995 prior to its amendment effective September 1, 1983. In the *Graue-Haws, Inc.* case mentioned by the majority, everything in regard to the venue plea happened prior to September 1, 1983, except the hearing. The defendant in that case was served in July and had to respond to that pleading under the old Article 1995. That was the basis of the writer's dissent in that case. In the case before us, the defendant was not served until August 30, 1983, and the time for filing his plea of privilege did not arise until after September 1; it is then controlled by the amended Article 1995.

I would avoid any further delay in this matter and reverse the judgment of the trial court and remand the cause with directions that the trial court dismiss the plea of privilege.