**AMIGO HELICOPTERS, INC., et al., Appellants,**

v.

**J. A. JONES d/b/a J & A Constructors and Fabricators, Appellee.**

No. 704.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 22, 1972.

James L. Branton, Carter, Callender & Branton, San Antonio, for appellants.

J. G. Harris, Jr., C. K. Stephenson, Stephenson & Henley, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from an order overruling defendants' pleas of privilege to be sued in Bexar County. Mr. J. A. Jones, plaintiff below and appellee here, filed suit in the constitutional County Court of Brazoria County, Texas, to recover payments owing on a sworn account, or in the alternative, for quantum meruit. Plaintiff's original petition prayed for judgment in the amount of $3,019.50 for services performed for defendants, Amigo Helicopters, Inc. and Robert L. Jensen, and $1,207.80 in attorney's fees.

The record reflects that the suit was filed in a constitutional county court and the amount in controversy was in excess of $1,000. The trial court was without jurisdiction to entertain this action. Had the action been brought in a county court *at law* in Brazoria County jurisdiction would have existed under Art. 1970a, Tex. Rev.Civ.Stat. (Supp.1972), which confers jurisdiction upon statutory county courts at law and county civil courts concurrent with that of the district court when the matter in controversy is between $500 and $5,000, exclusive of interest. However, 1970a did not change the jurisdiction of constitutional county courts, such as the one in Brazoria County where plaintiff filed this suit. The maximum amount in controversy over which that court has jurisdiction is $1,000,

exclusive of interest. Tex.Const. art. V, sec. 16, Vernon's Ann.St.

Since the trial court had no jurisdiction this Court has none except to the extent that we are authorized to declare void and set aside the order from which appeal was taken. Williams v. Steele, 101 Tex. 382, 108 S.W. 155 (1908).

This is an appeal from an interlocutory order. If it were an appeal from a judgment determining the merits of the case it would be proper that we reverse the trial court's judgment and dismiss the case. Fraley v. County of Hutchinson, 278 S.W. 2d 462 (Tex.Civ.App.—Amarillo 1954, no writ). By this appeal not even our limited jurisdiction and authority is invoked as to the merits of the case. For that reason the judgment of the trial court overruling the defendants' pleas of privilege is reversed and remanded with direction to the trial court that the case be dismissed. See Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S.W. 281 (1921).