

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 20, 1974

The Honorable Homer R. Taylor
County Attorney
Wharton County Courthouse
Wharton, Texas 77488

Opinion No. H- 331

Re: The monetary jurisdictional
limits of the Court of
Domestic Relations of
Wharton County. Article
2338-23, V. T. C. S.

Dear Mr. Taylor:

You have requested our opinion on the following question:

In cases, civil in nature, what are the juris-
dictional monetary limits of the Court of
Domestic Relations of Wharton County, Texas?

Your question apparently is limited to original jurisdiction and we so
limit this opinion.

The Court of Domestic Relations of Wharton County was created in 1973
by Acts 1973, 63rd Leg., ch. 201, p. 451 (Art. 2338-23, V. T. C. S.). Such
courts are established by the Legislature under authority of Article 5,
Sec. 1 of the Constitution. Jordan v. Crudgington, 231 S. W. 2d 641 (Tex.
1950).

The jurisdiction of the court is set out in Secs. 3 and 7, Article 2338-23,
V. T. C. S. Section 3 gives the court special jurisdiction concurrent with
the district and county courts in Wharton County in domestic relations
matters. See Attorney General Opinion H-300 (1974).

Section 7 gives the new court additional general jurisdiction corres-
ponding to that of the county court in civil and criminal matters:

As additional concurrent jurisdiction, the Court
of Domestic Relations of Wharton County has original
and concurrent jurisdiction with the County Court of

p. 1533

> Wharton County in all matters and causes, civil
> and criminal, original and appellate, over which,
> by the general laws and the constitution of this
> state, county courts have jurisdiction, except
> the executive functions of the county judge as a
> member of the commissioners court, board of
> equalization, budget officer, and other execu-
> tive and administrative functions.

It would initially appear that this section gives the Court of Domestic Relations of Wharton County the same civil jurisdiction as that of the constitutional county court, which is exclusive jurisdiction in cases where the matter in controversy is $200 to $500, and concurrent jurisdiction with the district court in cases involving $500 to $1,000. Texas Constitution, Article 5, Sec. 16.

However, in 1971 the Legislature enacted Article 1970a, V. T. C. S., which provides:

> ...All county courts at law, county civil courts, and
> other <u>statutory courts exercising civil jurisdiction
> corresponding to the constitutional jurisdiction of the
> county court in civil cases</u> shall have jurisdiction con-
> current with that of the district court when the matter
> in controversy shall exceed in value Five Hundred
> Dollars ($500) and shall not exceed Five Thousand
> Dollars ($5,000) exclusive of interest. (Emphasis
> added)

The Court of Domestic Relations of Wharton County is a statutory court; it has civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases, and therefore falls precisely within the purview of Article 1970a which extends the monetary jurisdiction of such courts to $5,000. See Amigo Helicopters, Inc. v. Jones, 488 S. W. 2d 473 (Tex. Civ. App., Houston [14th Dist.] 1972, no writ); Attorney General Opinion No. M-1097 (1972).

It is a well settled rule of statutory interpretation that statutes dealing with the same general subject, even though they contain no references to one another and were passed in different legislative sessions, are considered in pari materia, i. e., are governed by a

single spirit and policy and are to be construed harmoniously together. State v. Dyer, 200 S.W.2d 813 (Tex. 1947). Reading Article 1970a and Sec. 7 of Article 2338-23 together and in harmony, it is our opinion that the Court of Domestic Relations of Wharton County has a monetary jurisdiction of from $200 to $5,000 in civil cases.

## SUMMARY

The Court of Domestic Relations of Wharton County has jurisdiction in civil cases where the matter in controversy is at least $200 but not more than $5,000.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee