John O. REGIAN et al., Appellants,

v.

Dave SOWELL, Appellee.

No. 5488.

Court of Civil Appeals of Texas, Waco.

Feb. 19, 1976.

Rehearing Denied March 11, 1976.

Brown, Crowley, Simon & Peebles, Randall E. Betty, Ft. Worth, McPherson & Boulware, Dan M. Boulware, Cleburne, for appellants.

Altaras, Altaras & Altaras, Jack C. Altaras, Cleburne, Thompson, Knight, Simmons & Bullion, Stephen S. Livingston, Dallas, for appellee.

HALL, Justice.

In this automobile collision case, the appellee-plaintiff sued the appellants for $1,900.00 damages. He was awarded a judgment for $1,395.00. Among other assignments for reversal, the appellants assert that the trial court—the County Court of Johnson County—did not have jurisdiction over the subject matter of this case, and that the judgment is accordingly void. We sustain this point.

■ The County Court of Johnson County is a constitutional county court. Such courts have jurisdiction in civil cases of the nature of this one when the amount in controversy exceeds $200 but does not exceed $1,000. Article 5, Section 16, Vernon's Ann.Tex.Const.

■ The Legislature is empowered by Section 22 of Article 5, Tex.Const., to "increase, diminish or change the civil and criminal jurisdiction" of constitutional county courts by local or general law. And by virtue of Section 1 of Article 5, Tex. Const., the Legislature "may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." Acting under this last grant of power, the Legislature has from time to time created so-called "statutory" courts across the State, such as county courts at law, county civil courts, domestic relations courts, and others.

■ Effective May 3, 1949, the Legislature, by Acts 1949, 51st Leg., p. 185, ch. 102, enacted Article 1970–335 for the purpose expressed in the caption of the Act, of "defining the jurisdiction of the County Court of Johnson County and diminishing its civil and criminal jurisdiction." By this Act, the jurisdiction of the County Court of Johnson County over civil and criminal cases, original and appellate, including eminent domain cases (but excepting probate matters, lunacy hearings, and a few other matters of like nature specified in the Act), was removed from the County Court and placed in the District Court in and for that County. This Act does not purport to create a statutory court. It simply diminishes the jurisdiction of a constitutional County Court.

By Acts 1971, 62nd Leg., p. 26, ch. 11, effective Mar. 4, 1971, the Legislature amended Article 1970–335 to its present status, again for the purpose expressed in the caption of the Act of "defining the jurisdiction of the County Court of Johnson County." This amendment reinvests the County Court of Johnson County with the jurisdiction removed from it with the original enactment of the Article; leaves concurrent jurisdiction thereof in the District Court; requires that all causes falling within this concurrent jurisdiction shall be filed in the District Court; and provides that the District Judge may, in his discretion, assign any such cause to the County Court for trial and disposition. This amendatory Act does not purport to create a statutory court.

■ Effective June 15, 1971, the Legislature enacted Article 1970a, and thereby provided, "All county courts at law, county civil courts, and other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5,000) exclusive of interest." This article does not apply to constitutional county courts. It applies only to statutory courts. *Amigo Helicopters, Inc. v. Jones*, 488

S.W.2d 473, 474, (Tex.Civ.App.—Hou. 14th, 1972, no writ hist.).

The amount in controversy in this case exceeds the trial court's $1,000 maximum jurisdictional amount. The judgment is therefore void. It is reversed and set aside; *Williams v. Steele,* 101 Tex. 382, 108 S.W. 155, 157 (1908); and this cause is remanded to the trial court for transfer back to the District Court of Johnson County.

Because the trial court was without jurisdiction on the merits, so is this court. For this reason, I express no opinion on the complaints raised in the appellants' remaining points of error.

Reversed and remanded.

---

JAMES, Justice (dissenting).

I respectfully dissent. I believe the County Court of Johnson County had jurisdiction of and over the case at bar. Article 5, Section 22 of the Texas Constitution empowers the Legislature to "increase, diminish or change the civil and criminal jurisdiction of County Courts" by local or general law. Acting under this mandate of the Constitution, the Legislature in 1949 enacted a local law, namely, Article 1970–335, wherein the civil and criminal jurisdiction of the County Court of Johnson County was "diminished" by transferring it to the District Court of Johnson County. Then again on March 4, 1971, the Legislature by local law "increased and changed" the jurisdiction of the County Court of Johnson County by amending Article 1970–335 to its present status, by in effect reinvesting said County Court with civil and criminal jurisdiction in accordance with the Constitutional and general laws of Texas, and making such jurisdiction concurrent with the District Court. Reference is here made to said statute for its particular provisions, the important aspect here to be considered being that the Legislature has on two separate occasions exercised its power to "increase, diminish or change" such jurisdiction of said County Court.

Now this brings us to a construction of Article 1970a, V.A.T.S, effective June 15, 1971, insofar as it applies to the County Court of Johnson County. Article 1970a provides:

"All county courts at law, county civil courts, and other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases shall have jurisdiction concurrent with that of the district court when the matter in controversy shall exceed in value Five Hundred Dollars ($500) and shall not exceed Five Thousand Dollars ($5000) exclusive of interest." (emphasis supplied).

Now, the question is, does the language used in Article 1970a which we have underscored above, to wit, "other statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases," include the County Court of Johnson County, with its jurisdiction in its present *statutory* condition? If it does, then the County Court of Johnson County has civil jurisdiction up to $5000 under Article 1970a. If not, then said court's civil jurisdiction is limited to $1000.00.

I believe the County Court of Johnson County is included in the above-quoted portion of Article 1970a. There is no question but that the County Court of Johnson County was a constitutional county court with civil jurisdiction up to only $1000.00, before the Legislature changed its civil and criminal jurisdiction in 1949, and again in 1971, as it had the power to do under Article 5, Section 22 of the Constitution. But after the Legislature not once, but twice, changed the jurisdiction of said County Court it became (particularly after the 1971 amendment) a "statutory court exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases."

The County Court of Johnson County, had its jurisdiction been left intact and untampered with in its original state, would

definitely not have been in any way affected by Article 1970a. In such event its jurisdiction would have been limited to $1000 in civil cases under Article 5, Section 16 of the Constitution. But such is not the case. Far from it. The Legislature by statute has made substantial changes in its civil and criminal jurisdiction. The Legislature by statute did not destroy the County Court of Johnson County as a constitutional court by changing up its jurisdiction. But it did change its nature so as to place it in the category of a "statutory courts exercising civil jurisdiction corresponding to the constitutional jurisdiction of the county court in civil cases," within the meaning of Article 1970a. In my opinion said county court is a constitutional county court which yet fits into the class of courts embraced in Article 1970a. Any other analysis than this completely overlooks the fact that the Legislature has by Article 1970–335 made substantial changes in the civil and criminal jurisdiction of the County Court of Johnson County. For these reasons I would hold that the County Court of Johnson County had jurisdiction of and over the case at bar, it being a suit wherein the maximum amount in controversy was $1900 exclusive of costs.

In view of my conclusion that the trial court had jurisdiction, it should be pointed out that Appellants' brief urged sixteen points of error other than that of want of jurisdiction. I have carefully considered all of Appellants' points and would overrule same as being without merit.

McDONALD, Chief Justice (concurring).

I concur with Justice HALL that the Johnson County Court did not have jurisdiction. I concur with Justice JAMES that appellants' first 16 points present no error and are without merit.