

September 11, 2007

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
Cadena-Reeves Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

The Honorable John R. Roach
Collin County Criminal District Attorney
Collin County Courthouse
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. GA-0568

Re: Whether the special filing fee in Local Government Code section 133.154 must be collected for cases filed in a statutory probate court (RQ-0577-GA)

Dear Ms. Reed and Mr. Roach:

You ask whether the special filing fee in Local Government Code section 133.154 must be collected for cases filed in a statutory probate court.[1]

The Seventy-ninth Legislature added section 133.154 of the Local Government Code by enacting House Bill 11.[2] The section requires "the clerk of a district court, statutory county court, or county court" to collect a special fee "on the filing of any civil suit to be used for court-related purposes for the support of the judiciary." TEX. LOC. GOV'T CODE ANN. § 133.154(a) (Vernon Supp. 2006).[3] The statute does not expressly mention statutory probate courts. *Id.* But statutory probate

---

[1]*See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Mar. 15, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Reed Letter]; Letter from Honorable John R. Roach, Collin County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 16, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Roach Letter].

[2]*See* Act of Aug. 9, 2005, 79th Leg., 2d C.S., ch. 3, § 13, 2005 Tex. Gen. Laws 34, 38 ("House Bill 11").

[3]We note that the Eightieth Legislature acted in Senate Bill 600 to raise the special fee in section 133.154 of the Local Government Code from $37 to $42, among other changes. *See* Act of May 15, 2007, 80th Leg., R.S., S.B. 600, § 4 (to be codified at TEX. LOC. GOV'T CODE ANN. § 133.154(a)).

courts are county-level courts that are created by statute, and it has been suggested that the term "statutory county courts" in section 133.154 may include statutory probate courts.[4]

## I.     Background

To put your question in context, we review the constitutional and statutory basis for various types of county-level courts and some of the reasons for questioning the meaning of section 133.154. The Texas Constitution authorizes two distinct types of courts, those created by the constitution and those created by statute. Article V, section 15 of the constitution establishes a "County Court" for each county. TEX. CONST. art. V, § 15. These courts are commonly referred to as "constitutional county courts" to distinguish them from county-level courts created by statute. *See Tex. Pipe Line Co. v. Hunt*, 228 S.W.2d 151, 153 (Tex. 1950) (referring to courts created by article V, section 15 as "constitutional county courts"). Article V, section 1 of the constitution authorizes the Legislature to "establish such other courts as it may deem necessary," including county-level courts. TEX. CONST. art. V, § 1; *see also Regian v. Sowell*, 534 S.W.2d 175, 176 (Tex. Civ. App.—Waco 1976, writ ref'd n. r. e.). Article V, section 1 courts are sometimes referred to as "statutory courts." *See Regian*, 534 S.W.2d at 176 (observing that under article V, section 1 of the Texas Constitution, "the Legislature has from time to time created so-called 'statutory' courts across the State, such as county courts at law, county civil courts, domestic relations courts, and others").

Title 2, subtitle A of the Government Code establishes statutory courts and otherwise provides for both constitutional and statutory courts. *See, e.g.*, TEX. GOV'T CODE ANN. chs. 22 ("Appellate Courts"), 24 ("District Courts"), 25 ("Statutory County Courts"), 26 ("Constitutional County Courts") (Vernon 2004 & Supp. 2006). Chapter 25, subchapter C establishes statutory county-level courts for particular counties. *See id.* §§ 25.0041–.2512. Bexar County, for example, has twelve "county courts at law," and two "statutory probate courts." *See id.* § 25.0171(b)–(c) (Vernon 2004). Section 25.0451 provides that "Collin County has the following statutory county courts," being six county courts at law, and "has one statutory probate court." *See id.* § 25.0451.

The fee you ask about is imposed in "district court, statutory county court, or county court." *See* TEX. LOC. GOV'T CODE ANN. §§ 133.004, .154 (Vernon Supp. 2006). We have received briefing about references to county-level courts in statutes outside of chapter 133 of the Local Government Code attempting to establish the meaning of the terms "statutory county court" and "statutory probate court."[5] For example, the term "statutory county court" is expressly defined to exclude statutory probate courts as those terms are used in title 2 of the Government Code. *See* TEX. GOV'T CODE

---

[4]*See* Brief from Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Apr. 25, 2007) (on file with the Opinion Committee) [hereinafter Reynolds Brief].

[5]*See* Roach Letter, *supra* note 1, at 6; Reynolds Brief, *supra* note 4, at 2–3; Brief from Honorable Guy Herman, Presiding Statutory Probate Judge, Statutory Probate Courts, State of Texas, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 23, 2007) (on file with the Opinion Committee).

ANN. § 21.009 (Vernon 2004).[6] But the organization of chapter 25 of the Government Code suggests that, at least for some purposes, a statutory probate court may be a subclass of statutory county courts.[7] And we are mindful that, although the term "county court" generally means a constitutional county court, it may have different meaning in specific contexts.[8] These incongruities illustrate that, while other statutes may be informative, terms and phrases must be construed in the context of the statute in which they appear. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Consequently, rather than attempt to discern a definitive meaning for the terms "statutory county court" and "statutory probate court" from other statutes, we consider those terms as they are used in the context of chapter 133 of the Local Government Code, as amended by House Bill 11.

---

[6]Section 21.009 provides that in title 2 of the Government Code:

> (1) "County court" means the court created in each county by Article V, Section 15, of the Texas Constitution.
>
> (2) "Statutory county court" means a county court created by the legislature under Article V, Section 1, of the Texas Constitution, including county courts at law, county criminal courts, county criminal courts of appeals, and county civil courts at law, *but does not include statutory probate courts* as defined by Section 3, Texas Probate Code.
>
> . . . .
>
> (4) "Statutory probate court" has the meaning assigned by Section 3, Texas Probate Code.

TEX. GOV'T CODE ANN. § 21.009 (Vernon 2004) (emphasis added). Under section 3 of the Probate Code, a statutory probate court is a "statutory court designated as a statutory probate court under Chapter 25, Government Code." TEX. PROB. CODE ANN. § 3(ii) (Vernon 2003). Thus, for Government Code title 2 purposes, if chapter 25 expressly designates a court as a "statutory probate court," it is not a "statutory county court" despite the fact that it is a county-level court created by statute.

[7]It has also been brought to our attention that an unrelated statute, section 291.008 of the Local Government Code, is construed to impose a courthouse security fee in cases filed in statutory probate courts, even though those courts are not expressly included in the statute. *See* Tex. Att'y Gen. Op. No. DM-283 (1994) at 7 (construing TEX. LOC. GOV'T CODE ANN. § 291.008); *see also* Roach Letter, *supra* note 1, at 6; Reynolds Brief, *supra* note 4, at 2–3. Relying on the legislative history of that particular statute, Attorney General Opinion DM-283 determined that the courthouse security fee was intended to be collected in all probate cases, regardless of the court in which a probate case was filed. *See* Tex. Att'y Gen. Op. No. DM-283 (1994) at 7. As Local Government Code section 291.008 does not contain the term "statutory county court" and was not otherwise implicated by House Bill 11's amendments to chapter 133 of the Local Government Code, we do not revisit the analysis in that opinion.

[8]*See, e.g.,* TEX. GOV'T CODE ANN. §§ 21.009(1), 26.001–.353 (Vernon 2004 & Supp. 2006) (using "county court" to refer to a constitutional county court); TEX. PROB. CODE ANN. § 3(e) (Vernon 2003) (defining "county court" and "probate court" as synonyms that include not only constitutional and statutory county-level courts, but also district courts in some circumstances), TEX. PROB. CODE ANN. § 3(ii) (Vernon 2003) (defining "statutory probate court" as limited to courts designated as statutory probate courts in chapter 25 of the Government Code); *Hunt*, 228 S.W.2d at 153 (holding that "county court" in jurisdictional statute included both constitutional county court and county court at law).

## II.    Chapter 133 of the Local Government Code, as Amended by House Bill 11

Local Government Code chapter 133 consolidates and standardizes civil and criminal fee collection, remittance, and distribution. TEX. LOC. GOV'T CODE ANN. § 133.001 (Vernon Supp. 2006). The chapter does not define the term "statutory county court" nor does it expressly state whether the term "statutory county court" includes statutory probate courts. However, section 133.004 provides that chapter 133 applies to the following fees, among others:

> (4)   the filing fees for the judicial fund imposed in certain *statutory county courts* under Section 51.702, Government Code;

> (5)   the filing fees for the judicial fund imposed in certain *county courts* under Section 51.703, Government Code;

> (6)   the filing fees for the judicial fund imposed in certain *statutory probate courts* under Section 51.704, Government Code; . . . and

> . . . .

> (10)  the filing fee for the judicial fund imposed in *district court, statutory county court, and county court* under Section 133.154.

*Id.* § 133.004 (emphasis added).[9] Subsections 133.004(4) and (6) expressly distinguish between statutory county courts and statutory probate courts. Thus, the reference to "statutory county court" in subsection 133.004(10) cannot be construed to include statutory probate courts. *See id.* And when read in light of section 133.004, section 133.154's imposition of a fee for "district court, statutory county court, and county court" cannot be construed to include statutory probate courts. *See id.*

No other provision in the remainder of chapter 133 of the Local Government Code or in House Bill 11 suggests that the special fee in section 133.154 is applicable to statutory probate court proceedings, or that statutory probate courts are included as statutory county courts. To the contrary, House Bill 11 maintains the distinctions between the various courts in its amendments to chapter 101 of the Government Code. House Bill 11 adds the special fee to chapter 101's subchapters that list the fees to be collected in district courts (subchapter D), statutory county courts (subchapter E), and constitutional county courts (subchapter G), but it fails to add the fee to the subchapter concerning statutory probate courts (subchapter F). *See* House Bill 11, *supra* note 2, §§ 14–16 (adding TEX. GOV'T CODE ANN. §§ 101.062, .083, .123); *see also* TEX. GOV'T CODE ANN. §§ 101.101–.102 (Vernon 2005) (subchapter F). The fee listings in chapter 101 do not control our construction of section 133.154 of the Local Government Code. *See* TEX. GOV'T CODE ANN. § 101.001 (Vernon 2005) (limiting the effect of the fee lists in chapter 101). But the bill's failure to list the special fee

---

[9]Section 133.004(6) of the Local Government Code was recently amended to delete the word "certain." *See* Act of May 22, 2007, 80th Leg., R.S., ch. 718, § 6, 2007 Tex. Sess. Law Serv. 1346, 1350.

as a statutory probate court fee in chapter 101 is consistent with the omission of statutory probate courts from the courts made subject to the fee in Local Government Code section 133.154. Consequently, chapter 101 of the Government Code, as amended by House Bill 11, is consistent with our textual construction of Local Government Code section 133.154. We conclude that the special filing fee in Local Government Code section 133.154 does not apply to cases filed in a statutory probate court.[10]

---

[10]You have informed us that the clerks of statutory probate courts in some counties have collected the fee in section 133.154 of the Local Government Code while the clerks in other counties have not. *See* Roach Letter, *supra* note 1, at 1. We are aware that our conclusion that the fee does not apply to statutory probate courts may pose some administrative difficulties. Like a court, however, this office must construe unambiguous statutes according to their plain meaning and must not second-guess legislative policy choices. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745, 748 (Tex. 2003); Tex. Att'y Gen. Op. No. GA-0563 (2007) at 3.

## S U M M A R Y

The special filing fee that Local Government Code section 133.154 requires for all cases filed in district court, statutory county court, and county court does not apply to cases filed in a statutory probate court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee