ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

July 8, 2008

The Honorable James L. Anderson, Jr.
Aransas County Attorney
301 North Live Oak Street
Rockport, Texas 78382

Opinion No. GA-0642

Re: Whether the creation of a county court at law and the related divestiture of the constitutional county court's probate, juvenile, civil, and criminal jurisdiction stripped a county judge of his powers as "magistrate" (RQ-0669-GA)

Dear Mr. Anderson:

You tell us that "[i]n 2001 the Legislature of the State of Texas created the Aransas County Court at Law and removed all civil, probate, juvenile and criminal jurisdiction from the County Court of Aransas County and vested that jurisdiction in the Aransas County Court at Law."[1] You indicate that "[t]he County judge (Judge of the **County Court** of Aransas County Texas) wishes to magistrate prisoners in the Aransas County Jail, read them their rights, set bonds and perform all other duties as a magistrate set out by the Code of Criminal Procedure." Request Letter, *supra* note 1; *see also* TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2007) (listing county judges as magistrates). You seek to understand whether the county judge retains the power to act as a magistrate in light of the 2001 legislative changes. Request Letter, *supra* note 1.

I. Background

A. General

Article V, section 15 of the Texas Constitution establishes a "County Court" for each county. TEX. CONST. art. V, § 15. These courts are commonly referred to as "constitutional county courts" to distinguish them from county-level courts created by statute. *See Tex. Pipe Line Co. v. Hunt*, 228 S.W.2d 151, 153 (Tex. 1950) (referring to courts created by article V, section 15 as "constitutional county courts"). A constitutional county court "has jurisdiction as provided by law" and the county judge, as the presiding officer, "has judicial functions as provided by law." TEX. CONST. art. V, § 16; *see also, e.g.,* TEX. GOV'T CODE ANN. §§ 26.045(a) (Vernon Supp. 2007) (giving county court

---

[1]*See* Letter from Honorable James L. Anderson, Jr., Aransas County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Jan. 8, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

exclusive original jurisdiction over certain misdemeanor offenses), 26.046 (Vernon 2004) (giving county court certain appellate jurisdiction); TEX. CODE CRIM. PROC. ANN. art. 4.07 (Vernon 2005) (giving county court original jurisdiction over certain misdemeanor offenses).

Article V, section 1 of the Texas Constitution authorizes the Legislature to "establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof," including county-level courts. TEX. CONST. art. V, § 1; *see Regian v. Sowell*, 534 S.W.2d 175, 176 (Tex. Civ. App.—Waco 1976, writ ref'd n.r.e.). Article V, section 1 courts are oftentimes referred to as "statutory courts." *See Regian*, 534 S.W.2d at 176 (observing that under article V, section 1 of the Texas Constitution, "the Legislature has from time to time created so-called 'statutory' courts across the State, such as county courts at law, county civil courts, domestic relations courts and others"). Title 2, subtitle A of the Government Code establishes statutory county courts and otherwise provides for both constitutional and statutory courts. *See, e.g.*, TEX. GOV'T CODE ANN. chs. 25 ("Statutory County Courts"), 26 ("Constitutional County Courts") (Vernon 2004 & Supp. 2007).

"[T]here is a tradition of divesting the constitutional county court[s] of [their] judicial jurisdiction—civil and criminal—and placing" that jurisdiction with other courts, such as the statutory county courts,[2] because of the myriad legislative and administrative duties county judges have in addition to their judicial duties, such as serving as the presiding officer of the commissioners court. 40 GEORGE E. DIX, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 1.42 (2d ed. 2001); *see id.* §§ 1.41 ("In large and middle sized counties, the[] statutory courts handle much of the judicial business that the County Judge handles in small counties."), 1.45 ("Part of the movement to divest constitutional county courts of their civil and criminal jurisdiction has been the creation of various so called 'statutory county courts.'"); *see also* 36 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 22.5 (2d ed. 2002) ("The county judge in Texas serves as the presiding officer of the commissioners court, in addition to being the judge of the county court. He also performs diverse administrative duties in his own name and title . . . ."). Divestiture has been accomplished on a county-by-county basis rather than a statewide basis. *See* 40 GEORGE E. DIX, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 1.42 (2d ed. 2001). Thus, the Government Code provisions creating the courts in a particular county must be examined in order to determine the jurisdiction of those courts. *See id.* We now turn to analyze the county-level courts of Aransas County.

## B.    County-level Courts of Aransas County

In 2001, the Legislature passed House Bill 3643 establishing the County Court at Law of Aransas County ("County Court at Law") and altering the jurisdiction of the Aransas County constitutional court. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 688, §§ 1–2, 2001 Tex. Gen. Laws 1311, 1311–12 (codified at TEX. GOV'T CODE ANN. §§ 25.0061–.0062, 26.104). Section

---

[2]Generally, "[a] statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." TEX. GOV'T CODE ANN. § 25.0003(a) (Vernon Supp. 2007).

25.0061, Government Code, establishes the County Court at Law. *See* TEX. GOV'T CODE ANN. § 25.0061 (Vernon 2004). It provides: "Aransas County has one statutory county court, the County Court at Law of Aransas County." *Id.* The County Court at Law has "jurisdiction provided by Section 25.0003[, Government Code,] and other law" as well as concurrent jurisdiction with the district court in family law cases and "felony cases to conduct arraignments, conduct pretrial hearings, and accept guilty pleas." *Id.* § 25.0062(a). Section 26.104, Government Code, provides the following as to the constitutional court: "The County Court of Aransas County has no probate, juvenile, civil, or criminal jurisdiction." *Id.* § 26.104. Thus, the Aransas County constitutional court was divested of its probate, juvenile, civil, and criminal jurisdiction when the County Court at Law was created.

## II. Analysis

You ask the following regarding the 2001 legislative action as to the Aransas County courts:

> Because the County Judge is enumerated in the Code of Criminal Procedure as a "Magistrate" did the enabling legislation creating the Aransas County Court at Law, vesting certain powers and jurisdiction in it, and divesting certain powers and jurisdiction from the Aransas County Court, remove the County Judge's magistrate rights and powers granted and mandated under the Code of Criminal Procedure, thereby preventing the County Judge of Aransas County from having the authority to read prisoners rights, set bonds, issue search warrants and perform other duties as set out by the Code of Criminal Procedure for magistrates?

Request Letter, *supra* note 1.

Article 2.09, Criminal Code of Procedure, lists a county judge as a magistrate within the meaning of that Code. *See* TEX. CODE CRIM. PROC. ANN. art. 2.09 (Vernon Supp. 2007) (listing various officers from the justices of the Supreme Court to the mayors and recorders of incorporated cities as magistrates). And while a county judge's role as magistrate may grow out of the office of county judge, courts of this state have clearly distinguished between the two positions. *Cf. State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 423 (Tex. Crim. App. 1990) (indicating that respondent was "being sued in his limited capacity as magistrate rather than his general capacity as trial court judge of a district court"); *Tex. Dep't of Transp. v. Marquez*, 885 S.W.2d 456, 458 (Tex. App.—El Paso 1994, no writ) (holding that district judge convened court of inquiry acting as magistrate and thus court of appeals lacked jurisdiction to issue mandamus directing district judge to terminate proceedings).

More importantly to the issue at hand, courts in this state have held that the jurisdiction of a magistrate is not determined by the subject matter jurisdiction of the court upon which the judge ordinarily sits. *See O'Quinn v. State*, 462 S.W.2d 583, 588 (Tex. Crim. App. 1970) ("That it was not the intent of the legislature to limit the authority of the judge, recorder or mayor to administering

the oath to complaints charging offenses which the corporation court has jurisdiction to try is made clear by Art. 2.09 V.A.C.C.P., making the mayors and recorders and the judges of the city courts . . . magistrates."); *Ex parte Knight*, 904 S.W.2d 722, 726–27 (Tex. App.—Houston [1st Dist.] 1995, writ ref'd) (concluding that justice court, sitting as a magistrate and not a justice of the peace, can take a felony complaint and issue a warrant of arrest even though the justice court does not have jurisdiction over felony cases). Rather, all magistrates of a given county have co-equal magistrate jurisdiction. *See Ex parte Clear*, 573 S.W.2d 224, 228 (Tex. Crim. App. 1978); *see also* Tex. Att'y Gen. Op. Nos. GA-0551 (2007) (discussing a justice of the peace's jurisdiction over a defendant in a felony case); MW-581 (1982) (discussing *Clear*).

Here, section 26.104 of the Government Code addresses the subject matter jurisdiction of the *county court*. TEX. GOV'T CODE ANN. § 26.104 (Vernon 2004). It makes no mention of the county judge's duties and powers as a magistrate—a role, as we have previously explained, that is separate from that as presiding officer of the county court. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. arts. 2.10 (Vernon 2005) (setting out general magisterial duties); 6.01–.04 (requiring a magistrate to act to prevent threatened offenses); 15.03(a) (authorizing a magistrate to issue a warrant of arrest or a summons in certain circumstances); 15.17 (Vernon Supp. 2007) (setting out a magistrate's duties, including reading rights, when an arrested person is brought before the magistrate); 18.01 (Vernon 2005) (indicating a magistrate can issue a search warrant). Based on the express language of section 26.104 and the principle set out in *O'Quinn*, *Knight,* and *Clear* that the jurisdiction of a magistrate is distinct from that of the underlying court upon which the officer sits, we conclude that the county judge of Aransas County retains the power to act as a magistrate subsequent to the 2001 legislative change that divested the Aransas County Court of its probate, juvenile, civil, and criminal jurisdiction.

## S U M M A R Y

  The county judge of the Aransas County Court ("Court"), a constitutional court, retains the power to act as a magistrate despite the fact that the Court was divested of its probate, juvenile, civil, and criminal jurisdiction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee